## Hinman *against* Brees, *Sheriff, &c.*

THIS was an action of *debt* for an *escape*, brought against the defendant, sheriff of *Rensselaer* county. The cause was tried before Mr. Justice *Spencer*, at the *Rensselaer* circuit, in *June* last. It was admitted that the plaintiff had obtained a regular judgment against *William Le Barrow*, in the court of common pleas of *Rensselaer*, in *August*, 1815, for 216 dollars the party thereon; the defendant having neglected to return and file the *ca. sa.*, and having refused to produce it at the trial, though due notice, for that purpose, had been given to him before trial.

It is the duty of the sheriff to return a writ without a rule of court for that purpose; and he cannot avail himself of his neglect of duty, to defeat the plaintiff's action.

Where, on a judgment in a bailable action, a *ca. sa.* is issued without a *fi. fa.* having been previously issued, and returned *nulla bona*, pursuant to the statute, the sheriff, in an action against him for an escape, cannot avail himself of the irregularity; but application must be made to the court, to set aside the *ca. sa.*, on the ground of such irregularity.

*In the margin:*
In an action of *debt* against a sheriff for the *escape* of a prisoner in execution on a *ca. sa.*; *parol* evidence is admissible to show the issuing of the execution, its delivery to the sheriff, and the arrest of

35 cents; and the defendant was called upon, at the trial, to produce the *ca. sa.* issued on the judgment, which was stated not to have been returned by the defendant, but was still in his possession, due notice having been given to the defendant to produce the writ. The defendant's counsel refusing to produce the *ca. sa.*, the plaintiff offered parol evidence to prove the issuing of the writ, and the arrest of *Le Barrow* thereon; the evidence was objected to, on the ground that the *ca. sa.* was matter of record, and the return of it might have been enforced by a rule of court. The judge overruled the objection; and a witness for the plaintiff testified, that on the day preceding the trial, the defendant's counsel showed him the *ca. sa.*, which was endorsed as having been received by the defendant the 3d of *November*, 1815; and that one of the deputies of the defendant told the witness, the next day, that the plaintiff delivered the *ca. sa.* to him, on the 3d of *November*, 1815, to be executed; and that, on the same day, he, the deputy sheriff, arrested *Le Barrow*, by virtue of the writ, but who, afterwards, on the evening of that day, made his escape. The writ was dated the 2d of *September*, and returnable the last *Monday* of *November*, 1815.

The defendant then offered to prove that the action on which the judgment was obtained against *Le Barrow* was a bailable action, and that special bail was, in fact, put in, and no exception made to its sufficiency; that the plaintiff, before issuing the *ca. sa.*, had sued out and delivered to the defendant a *fi. fa.*, on the same judgment, dated the 2d of *September*, and returnable the last *Monday* of *November*, 1815, and which was not returned "*nulla bona*" by the defendant, and filed in the clerk's office until the last *Monday* of *November*, 1815; and that no other *fi. fa.* was ever issued on that judgment, but both of the said writs were in the possession of the defendant at the same time. This evidence was objected to by the plaintiff's counsel, and overruled by the judge, and the jury, under his direction, found a verdict for the plaintiff.

A motion was made for a new trial, on the part of the defendant, which was submitted to the court without argument, on a case as above stated.

*Per Curiam.* This is an action of debt against the defendant, for the escape of a prisoner in his custody, on a *ca. sa.*; and

the questions which are presented by the case relate to the sufficiency of the proof of the execution, and whether it was re gularly issued or not. Notice to produce the execution on the trial had been duly given, but it was not produced; and whether secondary evidence of the existence of the execution was admissible, was one question agitated upon the trial. It was stated by the defendant's counsel, that the execution had not been returned, but was still in the defendant's possession. But parol proof of it was objected to, because the sheriff should have been ruled to return it, and the execution itself, or an exemplification of it, produced. The objection was properly overruled, and the parol proof established the issuing of the execution and its contents. There is no doubt but the sheriff might have been ruled to return the execution. It was his duty to have done this without being ruled, and he ought not to be permitted to avail himself of his own neglect of duty, to defeat the plaintiff's action, on a mere technical objection.

The irregularity complained of is, that the *ca. sa.* was issued before any *fi. fa.* had been returned *nulla bona*, according to the statute, special bail having been required in the original action. Admitting the irregularity, it was an objection which the sheriff could not avail himself of in this collateral way ; but application should have been made to the court to set aside the execution.

The motion for a new trial must, accordingly, be denied.

New trial refused,