JONES *against* COOK.

DEBT against the defendant, Sheriff of *Westchester,* for the escape of *Richard R. Voris.* The declaration set forth a judgment in favour of the plaintiff, against *Voris,* of *January Term,* 1820 ; that a *testatum ca. sa.* was, on the 28*th October,* 1820, sued out, directed, &c. commanding the defendant to take and safely *keep* the said *Voris,* &c. Indorsed to " *Levy $131,03, besides Sheriff's fees,*" &c. Plea, *nil debet.*

> UTICA, August, 1823.
>
> JONES
> v.
> COOK.

> A record signed and filed, *nunc pro tunc,* under a rule for that purpose, was set forth in pleading, and given in evidence, of the term, as of a day in which it was ordered to be filed.

A *ca. sa.* tested out of term, is not *void,* but *voidable* only ; and may be amended on motion.

But although not amended, *in fact,* on motion, a sheriff is not, for that reason, warranted in suffering a party, arrested thereon, to escape.

And if he so escape, the sheriff is liable.

Where, in debt for an escape, the declaration set forth the *ca. sa.* with the usual words, *and him safely " keep ;"* and the *ca. sa.* produced in evidence, omitted the word " *keep,*" this was holden not to be a fatal variance.

In such action, the usual indorsement on a *ca. sa.* directing the sheriff what sum to levy, need not be set forth in the declaration.

And if set forth, it is mere surplusage, and need not be proved as laid.

It is settled, that a sheriff, who is sued for an escape, cannot protect himself by error in the process.

It protects him in making the arrest; and is good till reversed ;

Which it can be, on the application of a party, or privy only.

The plaintiff is never bound to prove that part of an instrument, which it is not material to set forth, unless it be alleged as matter of description, or *in hæc verba.*

Accordingly, where the declaration stated that the *ca. sa.* issued the 28*th October,* a *ca. sa.* tested the 31*st October,* was admitted in evidence ; and this, though the 31st was out of term.

UTICA,
August, 1823.

JONES
v.
COOK.

The cause was tried before his honour, Mr. J. WOOD-worth, at the *Westchester* circuit, *May*, 1822. Verdict for the plaintiff, subject to the opinion of the Court on a case.

On the trial, the plaintiff gave in evidence, the exemplification of a record of the judgment, which was signed and docketed *on the* 18*th day of May*, 1822. The *signing* and *docketing* were under a rule of this Court, ordering it to be *as of January* 13*th*, 1820.(a) He next gave in evidence, a *testatum ca sa.* corresponding, in all particulars, with the one set forth in the declaration, except that the word " *keep*" was omitted, after the word *safely*. This writ was *tested the* 31*st October*, 1820, and indorsed for " *Damages* $114,14. *Costs* $16,87=131,04. *Interest from* 14*th January*, 1820, *your fees.*" The admission of this execution, as evidence, was objected to, for its variance from the declaration in these respects ; and it was also urged that the execution, being tested *out of term*, was void ; and the Sheriff, therefore, not liable for the escape.

*L. Billings*, for the plaintiff. The authorities on the subject of variance are fully reviewed in *Lewis* v. *Few*, (5 *John*. 1.) In that case, the declaration, in setting forth the libel, had the words " *U. States.*" In the libel produced, it was written " *United States*," but the variance was holden immaterial. And it is said, " that the Court will look to the context, in order to determine whether the variance is material, or not ;" and that " Courts have lately been less strict and scrupulous on these subjects, than formerly." In *The King* v. *May*,(b) for perjury, in the indictment, reciting that part of an indictment for an assault and battery, which says that his life was greatly *despaired* of, the word *despaired* was omitted ; which was objected for variance, but the objection was overruled. The word *despaired* was supplied by intendment, because the omission made

(b) *Doug.* 193.
*Cowp.* 229.

(a) It was objected in argument at the bar, that this order to file, sign and docket a record *nunc pro tunc*, could not be made so as to affect the Sheriff, the escape having happened before the record was, in fact, filed. But this was not noticed by the Court ; for the reason, I suppose, that it was not made a point at the trial.

UTICA,
August, 1823.

JONES
v.
COOK.

it nonsense. In the present case, the word *keep* may be supplied in the same manner. In *King* v. *Pippet*,(c) the word " *if* " was omitted, in setting forth a precept, and held no variance. Several cases of the same character are cited in the course of *King* v. *Pippet* ; as where the declaration omitted to set forth the part of the *latitat*, which says, " if they shall be found in your bailiwick ;" where the declaration stated a *latitat* against *Donner & John Doe*, with an *ac etiam* against *Donner* only, for £30 ; and the one produced was against *Donner*, *two others*, & *John Doe* : where it stated the direction of the precept to the *Mayor*, only ; whereas it was to the *Mayor and Burgesses* : these were holden immaterial variances. The *indorsement* was substantially stated ; and the word *interest*, &c. may be rejected. It was not necessary to state it in the declaration. In debt on recognizance, the declaration was, that " *S. F.* came," &c. by the name of *S. F.* of *K.* &c. ; and the bail-piece was " *S. F. of the town of K.*" &c. ;(d) and in debt for an escape, the declaration alleged a judgment of *a term held at Salem*, &c. and in the record produced, no place was mentioned.(e) In both these cases, the variance was holden immaterial.

By being tested out of term, the *ca. sa.* is voidable—not void ; and may be amended. Errors in judicial writs are considered the misprisons of the clerks, and the Courts have a discretionary power to amend, though it is otherwise of the original writ.(f) Accordingly, an execution, returnable out of term,(g) or a writ tested out of term, may be amended ;(h) as was done, also, of a *writ of inquiry*,(i) and a *fi. fa.*(j) And an award of a *fi. fa.* with a test, may be entered on the roll, and the writ amended thereby.(k) The *test* of a *distringas* may be amended by altering the date.(l) So of a *ca. sa.*(m) or by altering the defendant's name to *Edmund* instead of *Edwards.*(n) Both the test and return of a *venditioni exponas*, were amended by the *præcipe.*(o) A *ca. sa.* may be amended after it is executed ;(p) and even after a suit for false imprisonment under it.(q) True, in *Shirly* v. *Wright*, (r) it is said if a *ca. sa.* is tested out of term, it is void, and the Sheriff is not liable for an escape. This case is referred to as the only authority for the position, in books

(c) 1 *T. R.* 235.

(d) *Rodman* v. *Forman*, 8 *John.* 26.

(e) *Page* v. *Wood*, 9 *id.* 82.

(f) 11 *Mass. Rep.* 89.
(g) 9 *John.* 386, 2 *Burr.* 1187.
(h) *Carty* v. *Ashley*, 2 *Bl. Rep.* 918. 1 *Com. Dig.* 477, *amendment* T
(i) 4 *East*, 173.
(j) *Sayer*, 12.
(k) *id.*
(l) *id.* 62. 1 *John. Ca.* 220.
(m) 2 *Bl. Rep.* 836.
(n) *Barnes*, 10.
(o) 1 *Dall.* 197.
(p) 2 *Bl. Rep.* 836. *Jones*, 41.
(q) 3 *Caines*, 98.
(r) *Salk.* 700. 1 *Salk.* 273.

UTICA,
August, 1823.

JONES
v.
COOK.

*(s)* 5 *John.*
100.

of practice. It is a mere dictum of *Holt,* J. not called for in the decision of the case, nor warranted by the authority cited. In the report of the same case, in *Ld. Raymd.* 775, no notice is taken of any such decision.

If amendable, the Sheriff cannot take advantage of the error. The case of *Bissell* v. *Kip,*(s) settles the rule, " that the Sheriff, sued for an escape, cannot take advantage of error in the process." This case is also conclusive to shew that there is no material variance between the declaration and *ca. sa.* as to the test ; for we do not assume to set out the *ca. sa. in hæc verba.*

*M. Mitchell,* contra. Several cases have been decided, in which variances, less material than these, were holden fatal ; as where the declaration stated the endorsement to be, " Levy, £32 6s. beside poundage ;" and the *fi. fa.* in evidence was endorsed, ". Levy, £32 6s. beside costs of lev- ying, Sheriff's poundage, officer's fees, &c." *t*)   A *latitat* was declared upon as being in *trespass ;* and the one produced was in *trespass, ac etiam billæ.* This was holden a fatal variance.(u)   So, where the averment was of a recovery of damages, *for not performing certain promises,* and the record produced was of a judgment upon a count on a *single promissory note.*(v)   So, where the declaration states, that the writ issued *on such a day,* it ought to be *proved accordingly.*(w)

*(t)* 2 *Bl. Rep.* 1102.

*(u)* *Bull. N. P.* 66.

*(v)* 5 *Esp. Rep.* 223.

*(w)* *Bull. N. P.* 66.

The *ca. sa.* being tested out of term, is void. In 2 *Caines,* 63, *Kent,* J. says, " the second objection to this *fi. fa.* that it bears test out of term, is equally well taken. The process, for that reason, is held to be void, and the party suing it out cannot take advantage of it." And in 2 *Salk.* 700, it is decided, in terms, that, " if a writ of execution bear test out of term, the Sheriff is justifiable, and yet shall not be liable to an action of escape ; for it is a void writ." The same doctrine is supported by the following authorities : *Cro. Eliz.* 467 ; 1 *Saund.* 39 ; 2 *Bac. Ab. Execution,* (C) ; *ib. Sheriff ;* 1 *Sell.* 551.

Woodworth, J. The execution, though tested out of term, is not void, but voidable, and may be amended. (*Cramer* v. *Van Alstine*, 9 *John*. 386.) It is equally clear it is amendable by inserting the word omitted. (5 *John*. 1.) Besides, the variance is only matter of form. (*Doug*. 183.) I might apply what was said by *Buller*, J. in *King* v. *Pippet*, (1 *D. & E.* 239) " It is impossible for any person to read this part of the declaration, without knowing what it should be."

In *Bissel* v. *Kip*, (5 *John*. 100) the question of variance, between the execution and the judgment, was considered. The rule appears to be settled, that the Sheriff, who is sued for an escape, cannot take advantage of error, in the process, to deliver himself from the action for the escape. The erroneous process was a sufficient warrant for him. It stands good until reversed. No person can avoid it, for error, but he who is a party or privy to the record. It is not examinable in this collateral action.

The execution is not set out, *in hæc verba*. The plaintiff is not bound to prove immaterial matter, unless set out, in this manner, in his pleadings. The declaration states the substance of the *ca. sa.* only. It was, therefore, admissible, under the pleadings. The indorsement on the writ need not be stated in the declaration. It is surplusage. The *ca. sa.* produced, agreed, substantially, with the pleading.

The plaintiff is entitled to judgment.

Sutherland, J. The error in the teste day of the execution did not render it *void*, but *voidable* only. Leave would have been given to amend it, upon application ;(1) and it is perfectly well settled, that a Sheriff is not warrantable in suffering an escape, under such an execution. It is good until set aside, which can only be done on the application of the defendant in the execution. (*Bissell* v. *Kip*, 5 *John*. *Rep*. 100—*opinion of Kent, Ch. J.*)

The ground of *variance* is equally untenable. The plaintiff did not undertake to set out the execution, *in hæc verba*, but only its substance ; and there is no material difference between the execution set out in the declaration, and that

Vol. I.          40

UTICA,
August, 1823.

Jones
v.
Cook.

(1) *Cramer* v. *Van Alstine*, 9 *John*. 386.

produced at the trial. The case of *Bissel* v. *Kip*, is equally decisive, upon this point, also. I concur in the opinion, that the indorsement is mere surplusage.

SAVAGE, Ch. J. dissented. He agreed, that the objection for variance was not tenable. He said, the other objection, that the *ca. sa.* is void, being tested out of term, and that, therefore, the plaintiff in this cause, a party to the writ, can not take advantage of it, depends upon the question whether it is to be considered *void,* or *voidable* only, on account of this irregularity. If void, the Sheriff had no right to arrest *Voris;* and, of course, is not liable for permitting him to escape : If *voidable* only, he ought to have kept the defendant in custody ; for the execution would, notwithstanding, justify him. In *Simonds* v. *Catlin,*(y) a *fi. fa.* was issued, and tested out of term ; and the Court say, " the process, for that reason, is held to be *void,* and *the party suing it out cannot take advantage of it,* although it may justify the Sheriff." In *Bunn* v. *Thomas* & *King,*(z) and *Burk* v. *Barnard,*(a) the Court refused to amend writs of *capias ad respondendum,* so tested that a term and more intervened between the test and return. True, in *Shirley* v. *Wright,*(b) a distinction is taken, in this respect, between *mesne* and *final* process. The process in that case, which was final, was both tested and returnable in term. This was holden well, though one full term intervened between the test and return ; and it was said that, in the case of mesne process, it would be oppression to keep the body in prison till so long a return, without an opportunity to make a defence to the action ; whereas, upon final process, the body ought to be imprisoned till satisfaction. But, in a note to the same case, in 1 *Salkeld,* 700, it is added, that Ch. J. *Holt* said, that, had it been *tested out of term,* it would have been *void, and the Sheriff shall not be liable to an action of escape,* though he would be justifiable. To the same effect is the report of this case, in *Holt's Rep.* 761, and 7 *Mod.* 29. In *Gordon* & *Wood* v. *Valentine* & *Smedes,*(c) the execution was tested properly upon its face, though, being issued

(y) 2 Caines, 63.

(z) 2 John. Rep. 190.
(a) 4 id. 309.

(b) 2 Ld. Raymd. 775.

(c) 16 John. 145.

in term, it was improperly tested as of a day in the term preceding. The Court say, the teste of the writ is *irregular*, and that the plaintiff may amend. *Carty* v. *Ashly*(d) has been cited, where the Court amended a wrong *test* of a *capias* in the Court of C. B. The objection in that case was, that there were not 15 days between the teste and return— not that the writ was tested out of term. Indeed, the question whether we should *amend* this mistake, on motion, is, upon authority, by no means clear of difficulty. But we are asked to go farther; to consider this writ as good, at all events; as perfect in form and substance, without regard to that discretion which it might become us to exercise on a summary application to amend it. In *Simonds* v. *Catlin*, the Court said that, if the case of an execution, tested out of term, be within the reach of an amendment, yet this must always be a matter of sound discretion; and they declared that case to be one in which they should incline not to grant an amendment. Till an amendment is granted, however, they do not hesitate in saying, that the plaintiff can derive no advantage from the execution. In this they are sustained by the opinion of *Ld. Holt*, as reported in 1 *Salkeld, Holt*, and 7 *Modern.*

On the whole, therefore, I am of opinion, that the *ca. sa.* being tested out of term, was void, and no justification to the Sheriff, for imprisoning *Voris;* and that the defendant is entitled to judgment.

(d) 2 Bl. Rep. 918.

Judgment for the plaintiff.