THE PRESIDENT, DIRECTORS AND COMPANY OF THE ONTA-
RIO BANK *against* HALLETT, sheriff of Herkimer.

DEBT for the escape of one Grose, from the defendant's custody under a *ca. sa.* against Grose and Hillakie' jointly, object its irregularity; as that it issued after a year and day without a *sci. fa.* or that th' judgment on which it issued had been discharged.

In debt for an escape from a *ca. sa.* the sheriff canno,

A levy on sufficient property to satisfy a judgment, and a release of the property, will not operate to discharge the debtor where he procures the release by his own act; as by pretending that the property is owned by others.

A levy, in virtue of an execution upon a judgment obtained as a collateral security for another judgment, is not a satisfaction of the latter.

ALBANY,   issued on a judgment of the supreme court, in favor of the
Feb. 1828.  plaintiffs.
Ontario Bank
v.          *The cause was tried at the Herkimer circuit, in March,
Hallett.   1827, before WILLIAMS, C. Judge; when the plaintiff made
out the commitment of both defendants, and escape of Grose
from custody under the *ca. sa.* which issued more than two
years after the recovery of the judgment. The defendant
objected this; but the objection was overruled.

The defendant then proved that one Sharp confessed a
judgment in favor of the plaintiffs, as a collateral security
for the debt against Grose & Hillakie, on which a *fi. fa.* is-
sued previous to the issuing of the *ca. sa.* now in question;
and the under sheriff and the plaintiff's agent went with the
execution to Sharp's residence, to make a levy. There
was sufficient personal property there; but Sharp said it
was not his; that it belonged to one Ferguson, and the
farm was under a mortgage to one Nellis. The under
sheriff did not make an inventory, or remove the property;
but told Sharp he had levied. He informed the agent he
should not proceed any farther, unless indemnified. The
agent agreed that if the plaintiffs wished him to proceed,
they would give him directions. Nothing farther was done
on this execution. The plaintiffs afterwards sued out the
*ca. sa.* against the original debtors.

The defendant's counsel contended, that there was a
question of fact for the jury, whether the sheriff had levied
on the goods and land; and that the evidence was sufficient
to justify the finding of such a levy, and also that the pro-
perty, real and personal, belonged to Sharp, and that the
personal property was more than sufficient to satisfy the *fi.
fa.*; that the levy extinguished the judgment against Sharp,
and, by consequence, the judgment on which the *ca. sa.* in
question issued. The judge refused to charge according to
these views of the counsel, deciding that, under the circum-
stances, it was immaterial whether there was a levy or
not.

Verdict for the plaintiff.

A motion was now made in behalf of the defendant, for
a new trial.

*M. Haff, for the motion.

C. P. Kirkland, contra.

*Curia, per* WOODWORTH, J. It is well settled, that in an action for an escape, the sheriff cannot object the irregularity of the *ca. sa.* 13 John. 529; 15 John. 378.

As to the levy, it is apparent, in the first place, that none was made or intended to be made; and if there had been a levy, the under sheriff was so well satisfied of an adverse claim, that he demanded an indemnity. Whatever may have been the state of the title, it can never be permitted to a defendant who denies that he is the owner of property levied on, to take the benefit of the rule which considers the levy on sufficient property unquestionably belonging to the defendant, a satisfaction of the execution.

If, in judgment of law, such a levy operated as an extinguishment of the judgment against Sharp, and, by consequence, of that against Grose & Hillakie, then the issuing of the *ca. sa.* was irregular. To correct the irregularity, the defendants in that execution might have applied to the court to set the execution aside. But, I apprehend, it was not competent for the sheriff to avail himself of this ground as a defence, in an action for the escape. He cannot, in that form, question the regularity.

The rule, as laid down in *Hoyt* v. *Hudson,* (12 John. 208,) is, that where a sufficient levy is once made, the sheriff cannot make a second levy. The principle recognized in that case, goes to the extent of saying the defendant is discharged. 4 Mass. Rep. 403; 1 Salk. 322; 2 Ld. Raym. 1072. But here the question occurs, does the principle apply to, and discharge the original debtors, unless actual payment is made? Where a plaintiff has taken collateral security, he has several remedies, and may pursue them all until actual satisfaction. The levy on sufficient upon the collateral security, may protect the surety against farther liability; but it is no payment of the original debt; nor is it a sufficient answer, to allege that the plaintiff's, after levy on the surety's goods, might *have obtained satisfaction

[*195]

ALBANY,
Feb. 1828.

out of them, or made the sheriff liable for not doing so. On the collateral security, the plaintiffs might proceed at their election; but were not obliged to hazard litigation for the benefit of the original debtors. They might cease, in their discretion, to pursue such security. The real debtors have no just cause to complain; for they are the persons who ought to pay. It would seem to be a novel doctrine, as well as unjust in principle, which would allow him to complain who had received no injury.

I think the decisions of the judge were correct. The motion for a new trial is denied.

