### SPERRY *ads.* WILLARD.

A counsellor of
this court is     MOTION to set aside default. During the last October
privileged from
arrest during     term, the defendant was arrested at Plattsburgh, on a capias
the sitting of    issued against him. He claimed to be privileged from arrest
the court, tho'
not in actual     as a counsellor of this court, which claim was recognized by
attendance at
term. The
sheriff is bound to serve process notwithstanding a claim of privilege. A counsellor when
sued is not entitled to the service of papers and notices.

the deputy, who discharged him without requiring bail. The capias was, notwithstanding, returned *cepi corpus*, and the plaintiff proceeded in the suit. Special bail not being put in, the plaintiff filed common bail *sec. stat.*, entered the defendant's default for not pleading, and perfected judgment. There was no service of the declaration, or of any notices in the progress of the suit, on the defendant, who stated, that from the time of the arrest, he had remained under the impression that no further proceedings were had against him, until he was informed that judgment was entered.

NEW-YORK,
May, 1828.

Sperry
*ads.*
Willard.

*Watson*, for defendant.

*J. Paine*, for plaintiff.

*By the Court*, SAVAGE, C. J. The defendant, as a counsellor of this court, was privileged from arrest during the sitting of the court. (1 *R. L.* 418.) It was the duty of the officer to serve the process, notwithstanding the claim of privilege. (18 *Johns. R.* 52.) The defendant would have been relieved from arrest on application to the court, but he would have been required to file common bail, as the object of the statute is only to prevent the arrest of attornies and counsellors during term, where their attendance may be necessary for the benefit of suitors. This has been done by the plaintiff; the defendant cannot, therefore, complain of the arrest. As a counsellor, the defendant was not entitled to the service of papers and notices, as an attorney would have been, whether sued by bill or capias; that practice applies only to attornies. (*See* 17 *Johns. R.* 1. 4 *Cowen,* 127.) As, however, the defendant has misapprehended his rights, and swears to a defence on the merits, a stay of proceedings is ordered, and leave given to plead, on payment of all costs subsequent to the declaration, including the costs of opposing this motion.