VAN HOESEN *vs.* HOLLEY.

The delivery of a writ to a *messenger* to carry to a *coroner* to be served on a *sheriff* in a suit for the escape of a prisoner from the limits is *the commencement of the suit;* and if at that moment the prisoner is off the limits, the plaintiff is entitled to recover for the escape.

In such case the writ in judgment of law is *not issued* until delivered to the messenger, and thus put in motion on its way to the coroner, although previous to its delivery to the messenger the attorney had filled out the writ and taken it with him, with the intention to deliver or send it to a coroner, in case he found the prisoner off the limits.

THIS was an action of *debt for an escape,* tried at the Columbia circuit in April, 1831.

One Curtiss was a prisoner in execution, on the limits of the jail of the county of Columbia. The plaintiff's attorney

NEW-YORK,  being informed by an agent of the plaintiff that he suspec-
May, 1832.  ted that Curtiss was off the limits, made out a writ against
Van Hoesen  the sheriff, took it in his pocket and went into the street
v.  with the intention, if he should find Curtiss off the limits, to
Holley.  deliver or send the writ to the coroner. He saw Curtiss off
the limits, and while he was so off, he, the attorney, deliver-
ed the writ to a *cartman*, and directed him to take it imme-
diately to the coroner. The cartman drove as fast as he
conveniently could to the house of the coroner and delivered
the writ to him, but from the evidence, it is manifest that
before the writ came to the hands of the coroner Curtiss had
returned to the limits. The counsel for the defendant insis-
ted that the filling out the writ, and not the delivery of it to
a *cartman* to be carried to a coroner, was the issuing there-
of, and the commencement of the suit ; and if so, as there
was no proof that Curtiss was off the limits at the time of
the filling out of the writ, it was issued prematurely, and
defendant was entitled to a verdict. The judge charged the
jury that it was immaterial whether Curtiss was off or upon
the limits when the writ was made out by the attorney ;
whether an escape had then happened, was a matter of no
consequence. That if they believed that he was off the
limits when the writ was given by the attorney to the cart-
man to be delivered to the coroner, and that the writ was
given to the cartman with the *bona fide* and absolute inten-
tion to have him carry it to the coroner immediately, to be
served, that was the commencement of the suit, and the
plaintiff was entitled to recover, although the writ was made
out before the escape happened, and was not delivered to
the coroner until the prisoner had returned to the limits.
The jury found for the plaintiff. The defendant moved for
a new trial.

*E. Williams*, for the defendant, insisted that as the writ was
made out to be used according to circumstances, the suit could
not be considered as commenced until the writ was actually
put into the hands of the coroner, or left at his office ; that
until such delivery, it was in the hands of one or other of the
agents of the plaintiff ; and as it was manifest that when the
writ came to the hands of the coroner the prisoner had return-

ed to the limits, the plaintiff was not entiled to recover.
*Johns. C.* 145. 18 *Johns. R.* 20. *Idem.* 497.

*A. L. Jordan.* Within the scope of the authorities cited on the other side, the writ was issued in this case at the moment when the attorney put it in motion towards the coroner with a present intention and unconditional determination to have it delivered to him.

*By the Court,* SUTHERLAND, J. The charge of the judge was correct. The suit was not commenced—the writ was not in judgment of law issued until it was delivered by Jordan, the attorney, to Poultney, the cartman, to be carried by him to the coroner. It was sent to the coroner *with the absolute and bona fide intention of having it served.* The agent Poultney was vested with no discretion; his instructions were absolute and unconditional, to deliver the writ immediately to the coroner. When the writ was put in the hands of Poultney with such instructions, the suit was commenced, and not before. The jury have found that the prisoner was at that time off of the limits. As long as the writ remained in the hands of Jordan, the attorney, without any absolute and unqualified intention of delivering it to the sheriff, it had no more efficacy than though it had not been filled up. When Jordan left his office with the writ he had no absolute intention of delivering it to the coroner; it depended upon the contingency of his ascertaining that the prisoner had escaped, and was then off the limits. The writ was not on its way to the coroner, in judgment of law, until it was delivered to Poultney. The cases of *Burdick* v. *Green,* 18 *Johns. R.* 14, and *Visscher* v. *Gansevoort,* 18 *Johns. R.* 496, are precisely in point, and perfectly decisive of this case. The same doctrine has been held in many subsequent cases.

Motion for new trial denied.