THIS was an action of debt on a constable's official bond. The declaration set out the bond, and assigned the following breaches; 1. Averring that theretofore, to wit, on the 20th of April A. D., 1838, at, c., before J. C. Esq., one of the justices of the peace, c., the *Page 359 
said Israel Coverdale, by the judgment of said justice, recovered against a certain Nelly Redden, the sum of $38 05, for a cause of action within the jurisdiction of said justice, c., upon which judgment afterwards, to wit, on the 6th of May A. D., 1841, at, c., execution was issued by. said justice, directed, c., and duly placed in the hands of the said Warren Fowler, then being one of the constables, c., to be executed. Breach, that although there was sufficient goods of the defendant in said execution, the said W. F., constable as aforesaid, would not levy the said execution as he was commanded, c., but neglected, c. 2. That the said W. F., constable,c., would not make due return of said execution as commanded, c., but neglected, c.
The defendants pleaded among other pleas: 2. Performance; 4. That the judgment in said declaration mentioned, was rendered in favor of said Israel Coverdale against the said Nelly Redden, on the 20th of April, 1838, and the said pretended execution was issued on the 6th of May, 1841, a period of more than three years from the rendition of the judgment, without the same having been revived by a scire facias against the said Nelly Redden.
The plaintiff demurred to the 2d. and 4th. pleas, and took issue on the others.
Cullen, in support of the demurrer. 1st. A plea of performance to a declaration setting out a breach is bad. 2d. Every matter set out in the fourth plea is set out in the same terms in the declaration. The defendant should then have taken issue or demurred to the declaration, and not pleaded. A party cannot plead that which is already admitted by the previous pleading: for the other party can answer it no otherwise than as he has before stated.
But the plea assumes that it is a good defence for the constable's default of levying this execution, that it issued irregularly; as if the officer could set up this defect, or the writ itself could be avoided in this action. A public officer cannot dispute his authority except for want of jurisdiction. This execution was only voidable at the instance of the defendant. It was a good authority for the officer to levy or sell upon. (8 Johns. Rep. 361; 15 Ibid 97; 13 Ibid 378, 529; 1 Cowen 711, 736; Watson's Shff. 38-39, 33-4; 3 Caine's Rep. 267; 12 Wend. Rep. 96; 8 Cow. Rep. 192; 1 Wend. Rep. 16; 1 Hall's Rep. 579.)
The court stopped Mr. Cullen and called on the opposite counsel to proceed.
Layton. — I do not dispute the law, but take the distinction between *Page 360 
void and voidable process. This execution was merely void. (Dig.
347, § 29.) "After the expiration of three years without an execution, none shall be issued, until the judgment shall be revived by scire facias." This execution therefore, was void from the beginning; but if this is not a sufficient answer, I will ask leave to withdraw these pleas, and plead over.
The Court afterwards gave judgment for the plaintiff on demurrer to the second and fourth pleas.
The judgment was quod recuperet; and, by agreement, it was referred to the prothonotary to ascertain the amount, with stay of execution four months.