## GINOCHIO *a.* ORSER.

*New York Common Pleas ; Special Term, May,* 1855.

### ESCAPE.—LIABILITY OF SHERIFF.

The sheriff cannot protect himself in an action for an escape, by showing *irregularity* in an execution against the person upon which the arrest was made.

But if the execution be *void,* the sheriff is not liable for an escape of the debtor.

The sheriff may protect himself in an action for an escape, by showing that the judgment debtor was privileged from arrest.

Motion to strike out portions of an answer.

The portions of the answer objected to, and the grounds of the motion, appear in the opinion.

WOODRUFF, J.—This action is prosecuted against the sheriff of the city and county of New York for an alleged escape of one Figari, who it is alleged was arrested on a *ca. sa.* issued upon a judgment docketed in the office of the clerk of the city and county of New York, in favor of the plaintiff.

The defendant in his answer among other things, sets up that " the paper alleged to be an execution, is void on its face, and was not issued by any person or officer authorized to issue the same. That the judgment docket upon which the same purports to be based, did not authorize or justify the issuing of an execution against the person of said Figari. That the defendant, Figari, was not liable to be, and could not be, arrested in the action in which said judgment is alleged to have been rendered, and said execution was null and void, and that this defendant could not lawfully arrest said Figari under the same, and could not lawfully detain him in custody upon any arrest under color of said pretended execution."

This part of the answer the plaintiff moves to strike out, and the grounds upon which the motion is urged, are :—

1. That the sheriff cannot in such an action, set up as a defence, the *irregularity* of the execution or of the judgment.

2. That the sheriff cannot plead that the judgment was satisfied or discharged.

28

3. That the sheriff cannot set up as a defence *error* in the judgment as an excuse for an escape—but having arrested the defendant, he is bound to keep him until discharged by due course of law.

And therefore that the matters alleged in the answer, are immaterial, and should be stricken out.

That the sheriff cannot protect himself in an action for an escape, by showing error in the judgment or irregularity in the *ca. sa.*, has been repeatedly adjudged.

Thus in Bissell *v.* Kip, (5 *Johns.* 89), it was held that where the *ca. sa.* was *voidable* by reason of a variance between the writ and the judgment, the sheriff could not avail himself of the error.

So in Scott *v.* Shaw, (13 *Johns.* 378), Cable *v.* Cooper, (15 *Johns.* 152), and Jones *v.* Cook, (1 *Cow.* 309), in all which the process was deemed *voidable* for irregularity, the sheriff was declared responsible for the safe keeping of the prisoner.

So when a *ca. sa.* was issued after a *year and a day*, the sheriff when sued for an escape, cannot object to the irregularity of the *ca. sa.* (Ontario Bank *v.* Hallett, 8 *Cow.* 192).

The decisions in relation to the duties of a sheriff, under a *fi. fa.*, are of a similar purport. (The People *v.* Dunning, 1 *Wend.* 16. Walden *v.* Davison, 15 *Wend.* 575).

These cases recognize and affirm a distinction between process which is void and that which is voidable merely, and it is repeatedly stated that when the process is void, the sheriff is not bound to execute it, nor liable for any neglect, partial or total. But otherwise, if the process is voidable only; because if the defendant in execution does not seek to avoid the process, and where the court might if applied to, allow an amendment, the sheriff cannot avail himself of the defects in process. (Ames *v.* Webbers, 8 *Wend.* 545).

But on the other hand if the *ca. sa.* is *void*, it is equally well settled that the sheriff is not liable for an escape. There being in this class of cases a further distinction affecting the sheriff and his liability, *to wit:*—If the process is issued by a court of competent jurisdiction, and is *regular on its face*, it *protects* the officer in executing it. But when void *on its face*,

it furnishes no protection to the sheriff himself. But in neither case, *if void for any cause*, does it impose on the sheriff any *duty*, nor is he liable for neglecting or refusing to obey its mandate. The cases above cited, recognize this rule.

In Jones *v.* Cook, (1 *Cow.* 309), it is said that when a *ca. sa.* is void, the sheriff is not liable for an escape.

In Earl *v.* Camp, (16 *Wend.* 562), it is held that if an execution be *legal on its face*, it protects the officer; but that the plaintiff cannot recover against him for neglecting to collect it, unless it was issued upon a judgment which was not void. That in no case when the sheriff becomes satisfied that there is a want of jurisdiction, is he bound to act in any way, and if he refuses, the party cannot make him liable. The subject is fully discussed in this case, and numerous cases cited, and considered and approved, and especially the case of Albee *v.* Ward, (8 *Mass.* 79), in which an officer justified an escape, when the execution though fair on its face, was issued without authority, and yet it was held that the process was a complete protection to the officer.

So in Horton *v.* Hendershot, (1 *Hill*, 118), it was held that process regular on its face, but *void* as to the parties in whose favor it is issued for want of jurisdiction, was a protection to the officer; but he was not bound to execute it, and if sued, the officer may answer that the process was void.

And in Cornell *v.* Barnes, (7 *Hill*, 35,) the court say again, that an officer is under no obligation to serve process issued on a judgment rendered without jurisdiction, and its validity is a good answer to an action for refusing to execute it.

There is still another class of cases in which the sheriff has been permitted to protect himself by showing that the person of the defendant is privileged from arrest.

In Ray *v.* Hogeboom, (11 *Johns.* 433), it was held that an officer was *not bound* to notice that a defendant in a *ca. sa.*, was a soldier of the United States, and privileged from arrest; but if he choose to do so, he may, and if he can show that the defendant is privileged, it is a good defence, and having made an arrest in such case, he was held not liable for an escape.

In Secor *a.* Bell, (18 *Johns.* 52), and Sperry *v.* Wellard, (1 *Wend.* 32,) the privilege of an attorney which was formerly

set up by his own act of suing out his writ of privilege, was held no protection to the sheriff.

But the principle of Ray v. Hogeboom seems to have been followed in Phelps v. Barton, (13 *Wend.* 68,) where it is said that the sheriff may plead in a bar of a recovery for an escape, that the defendant was exempt from arrest, under the non-imprisonment act.

And in McDuffie v. Beddoe, (7 *Hill*, 578), it is plainly intimated in conformity with the last case, that " when the arrest is made under a *ca. sa.*, regular on its face, but issued on a judgment in action on contract, the officer may lawfully permit an escape.

And it is to be observed that under the Revised Statutes, the recovery by a plaintiff in such an action, is no longer measured inflexibly and conclusively by the amount of the judgment and execution, as it was under the previous statute; (1 *Rev. Laws*, 425, § 19), but the recovery is confined to "his damages sustained thereby," of which such amount is no doubt *prima facie* evidence, but which may be reduced by various circumstances; and among them no doubt the freedom of the party from arrest would not only be ground of mitigating damages, but would conclusively show that *no* damages had been sustained—for since this statute, the court have held that poverty of the prisoner and other circumstances tending to show that the plaintiff has sustained no actual loss, may be given in evidence by the sheriff. (Patterson v. Westervelt, 17 *Wend.* 543, and numerous cases cited.—2 *Rev. Stat.* 437, § 61, and as modified by act of 1847, ch. 390, § 2, 2 R. S., 4th ed., p. 681, § 81).

The cases above referred to, seem to me conclusive upon this motion. If the *ca. sa.* was void on its face, or void for want of jurisdiction in the officer by whom it was issued, or the judgment did not warrant or justify a process against the person, or the defendant was not liable to arrest, these facts will either justify the sheriff in permitting the escape, or mitigate damages.

The motion must be denied. The defendant's costs of motion fixed at $10, will abide the event of the suit.