By the Court—Bosworth, Ch. J.
On the argument before us, the counsel for the defendant submitted the following points, (and neither argued nor suggested any other,) viz.:
*388 “I. The execution against the person of Poly was void; no execution against his property having been previously issued and returned. (Code, §§ 178, 288, 283; 3 Abbott, 229.)
“II. If Poly had been legally arrested his escape took place as early as March, 1855. This action was not commenced until April, 1856. It should have been brought within the year. (Code, §94.)
“ If it is stated that Poly returned into custody after the escape to Ohio, the answer is, that there is no proof of such return. All the proof is of his being afterwards in the city of Hew York.
“ III. The plaintiff sustained' no damage by Poly’s escape; he had no property beyond what was exempt from execution. This action is for damages. (17 Wend., 543; 3 Seld., 195, 550.)”
On the argument, the defendant’s counsel stated that he should argue the first point only, and did not argue any other, at the same time stating that he did not intend to thereby waive either of the other of said two points, or to concede the plaintiff’s right to recover interest on his judgment, if entitled to recover at all, or that in the latter event, he was entitled to recover mote than he had actually lost by reason of the escape of Poly.
The points made by the defendant’s printed points, will be considered in their order.
By the 7th section of “ An act concerning judgments and executions,” passed April 2, 1813, (1 R. L., 502,) it was provided that “ho execution shall hereafter issue upon any judgment rendered as aforesaid, in any action in which special bail shall have been filed, against the body of any defendant” .* * “until an execution against the goods and chattels, lands and tenements of such defendant shall have been issued upon such judgment,” &c., and shall have been returned, no property, &c.
2 Revised Statutes, (p. 363, § 4,) contains a provision of the same import, though in not exactly the same words.
Section 288 of the Code is not, like the two statutes last cited, prohibitory in its terms, but merely declares, that if the action be one in which the defendant might have been arrested, as provided in section 179 and section 181, an execution may be issued against the body, after the return of an execution against his property has been returned unsatisfied, in whole or in part.
*389 Under the act of 1813, it was expressly adjudged, that the Sheriff, when sued for the escape of a judgment debtor, who was in custody on a ca. sa., could not set up as a defense, that the debtor had been held to bail in such action, and had actually filed special bail, and that no execution against his property had been issued and returned unsatisfied. (Hinman v. Beers, Sheriff, 13 J. R., 529.) The Court held that, at most, it was an irregularity, and the only remedy was a motion to set the execution aside, that it was not void, but was merely voidable. Scott v. Shaw, (13 J. R., 378,) is to the same effect. These cases were decided in 1816, more than 40 years ago.
In 1828, in the case of the Ontario Bank v. Hallett, (8 Cow., 192,) the Court decided that, in such an action, it was no defense to the Sheriff that the ca.sa. was issued after a year and a day from the perfecting of the judgment, without the previous issuing of a sci. fa., and cited the two cases in 13 J. R., supra, as an authority for the proposition. (See Ames et al. v. Webbers, Sheriff, 8 Wend., 545; Anonymous, 2 Hill, 378; Commercial Bank of Oswego v. Ives, 2 Hill, 354; Graham’s Practice, 2d ed., 364, 365; 6 How. Pr. R., 73.)
We cannot hold the execution against the body in this case void, without disregarding a long series of express adjudications. If it is irregular merely, and not absolutely void, the deféndant’s counsel does not contend that the Sheriff can defend on the ground that an execution against property had not been previously issued and returned unsatisfied. His argument is, that the ca. sa. is void, and that the Sheriff, therefore, is not bound to execute it, and that the fact of its being void is a defense to this action.
We consider ourselves required by the decisions to which we have referred to hold, that the ca. sa. was irregular merely, and not void, and that the irregularity in issuing it is no defense to this action.
The escape was a negligent and not a voluntary escape. The return of Poly within the jail limits, after he had been in Ohio, would be an answer and a defense to an action brought aftei such return and while he continued within the limits, for an escape based on his absence from the limits while in Ohio. (Howland v. Squier, 9 Cow., 91; Vanhoesen v. Holley, 9 Wend., 209; 2 R. S., 435, § 51, [sec. 48;] id., 437, sec. 64.) There is, therefore, no defense proved arising out of the statute of limitations.
*390 Section MO of the Code, by abolishing “ all the forms of pleading ” theretofore existing, has not changed the liability of a sheriff as declared by 2 Revised Statutes, 437, section, 66, [sec. 63.] By the latter section, the sheriff, in case of the escape of a prisoner .committed to the jail of his county, in execution in a civil action, is liable to the plaintiff in such execution “for the debt, damages, or sum of money for- which such prisoner was committed.” That section prescribed the action of debt, as the-one in-which such liability for that sum was to be enforced. ■
The Code has abolished a capias ad respondendum, and a “ declaration,” as a process or proceeding by the service of which an action may be commenced. It requires a plaintiff to state in his complaint the facts constituting his cause of action. The plaintiff in the present-action has done that, and alleged in -his complaint all that was requisite to be stated, in an action of debt; and his complaint concludes with demanding “judgment against the defendant for five hundred and twelve dollars and four cents,”- (the face of the judgment,) “with interest -from the 15th of September, 1854,” (the date' of the judgment,) “ and the costs of this action.”
This is hot an action for the recovery of damages, as such, but is an action to “ recover the sum- of money for which such prisoner ” (Poly) “ was committed ” in execution to the jail of defendant’s .county, at the time of .the alleged-escape.
The Sheriff is liable,, at all-events, for $512.04, the amount of the judgment.
The only decisions to which wé-were-referred, or which have fallen under our observation, hold that, in. an- action'of debt "for the escape of a defendant in custody on-a ca. sa., only- the -face of the judgment, without interest, is recoverable. ■ •
Rawson v. Dole. (2 J. R., 454.) This case arose prior to the passage of the statute allowing interest upon the amount of - the judgment-to be collected or demanded ripon the execution-issued thereon.
Van Slyck v. Hogeboom, (6 J. R., 270 and note d,) Thomas v. Weed, (14 Id., 255,) Hutchinson v. Brand. (6 How. Pr. R., 73.) The point of these cases seems to be, that the action of- -debt is in the nature of a penalty, and, by resorting to that action,' the plaintiff,- on the one hand, is not permitted to recover inore than the amount of the judgment, and, on the other, is- not exposed *391 to the hazard of having his recovery reduced below that sum, by proof of the pecuniary irresponsibility of the judgment debtor.
If he chooses to sue in ease, as he may do, he may recover more than the face of the judgment if his actual damages are shown to exceed it, and will be exposed to the recovery of nominal damages only, if the debtor shall be proved to be utterly insolvent.
We think that the plaintiff should have judgment for $512.04, and for that sum only.
Judgment accordingly.