GEORGE DUNFORD, RESPONDENT, *v.* FREDERICK G. WEAVER, AS SHERIFF OF ONEIDA COUNTY, APPELLANT.

*Right of a surrogate to compel a removed administrator to render a final account— ch. 733 of 1865 did not repeal ch. 460 of 1837, as amended by ch. 229 of 1862, —in an action for an escape, the sheriff cannot set up errors in the process, unless they are such as to render it void—what damages may be recovered in such an action—Code of Civil Procedure, § 158—evidence of the insolvency of the debtor, when inadmissible.*

Chapter 733 of 1865, providing that when an administrator shall have been removed, or suspended, or his letters of administration shall have been revoked, he shall be liable to account on the application of his successor, did not repeal the provisions of chapter 460 of 1837, as amended by chapter 229 of 1862, authorizing the surrogate to compel such an administrator to account, on the application of a creditor, or to take and state a final account upon the application of the removed administrator.

In an action against a sheriff for the escape of one held by him by virtue of a precept or mandate issued by a surrogate, upon a decree entered upon a final accounting, rendered by such person after letters of administration issued to him had been revoked, the sheriff cannot avail himself of any error in the decree, or in the process upon which the arrest was made, unless it be such as to render the latter absolutely void.

In such an action the plaintiff, if successful, is entitled to recover as damages, under section 158 of the Code of Civil Procedure, the amount named in the warrant of commitment, with interest thereon, if it so provides.

Evidence to show that the person arrested was insolvent, is not admissible in such an action, in mitigation of damages.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*C. D. Adams,* for the appellant.

*S. M. Lindsley,* for the respondent.

TALCOTT, P. J.:

This appeal is from a judgment rendered on a verdict at the Oneida Circuit.

The defendant is sued, as sheriff of Oneida county, for the escape of one John Tillinghast, who had been received into his custody under four several final precepts or mandates issued by the surrogate of Oneida in a proceeding originally commenced by John Boyle as a creditor of Ross Taylor, deceased, and of whose estate the said John Tillinghast had been appointed administrator with the will annexed. One Mathew M. Parker, one of the sureties of the said John Tillinghast as such administrator, had presented his application to the surrogate, setting forth that he desired to be relieved from the responsibility for the further acts or defaults of the said Tillinghast as such administrator, and the said Tillinghast had been cited to appear before the said surrogate and give new sureties. Tillinghast appeared in pursuance of the citation, but neglected to give new sureties, whereupon the letters of administration to the said Tillinghast were revoked by the said surrogate on March 17, 1875. The application of Boyle was made for the purpose of compelling the said Tillinghast to render his accounts as such administrator. Pending this proceeding Tillinghast filed before the surrogate a petition for a general accounting, and the same was referred to an auditor to examine and report upon. The auditor made and filed his report, which was confirmed by the surrogate, and a final decree made, whereby the said John Tillinghast, as such administrator, was personally charged with certain moneys shown to be in his hands as such administrator, and not paid out. On the foot of this decree the four several precepts were issued to the Sheriff of Oneida in favor of four certain creditors of the said Ross Taylor, deceased, for the several sums found to be due to them, reciting the said final decree, and that the said sums had been personally demanded of Tillinghast, and that he neglected and refused to pay the same, and respectively commanding the said sheriff that he take the body of the said Tillinghast, if found in his bailiwick, and commit him to the common jail of his county, and detain him in custody until he should pay the several sums named in the several precepts. These amounts were indorsed on the precepts respect-

ively, with directions to collect the same, with interest and costs. They were issued and delivered to the sheriff, and by virtue thereof he had arrested the said Tillinghast, and taken from him bail for the jail limits. On August 23, 1879, the said Tillinghast went beyond the jail limits, and while he was so absent a suit was commenced against him by the plaintiff, to whom the several claims had been assigned, for an escape. The sheriff arrested Tillinghast upon the four several precepts, and returned the same to that effect.

On the trial the plaintiff, after proving the decree made by the said surrogate on September 27, 1876, and also the four precepts, with the return of the sheriff thereon, and proving the extent of the jail limits for Utica, gave proof tending to show that on August 23, 1879, the said Tillinghast was beyond the jail limits, and that this suit was commenced before his return to the said limits. It would have been a good defense to the action that the escape was without the consent of the sheriff, if he had the prisoner within the liberties at the time of the commencement of the action against the sheriff, either by voluntary return or recapture. (Code Civil Procedure, § 171.) So that if it became important for the plaintiff to show (in case the law is held to be that the sheriff had a right under the precepts issued by the surrogate to let the prisoner to the jail limits) that the action for the escape was commenced before the prisoner had returned within the limits. The plaintiff had commenced this action by delivery of the summons to the sheriff's clerk, in the office of the sheriff, under subdivision 3 of section 426 of the Code of Civil Procedure, as amended in 1879; and the defendant now objects that there was no evidence that the room where the summons was left was the "designated" office of the sheriff. The sheriff was called by the plaintiff as a witness, and testified that the place where the service was made was his official office; we think this was sufficient to establish the fact *prima facie* at least. But, in addition, the plaintiff, upon the argument of this appeal, produced a duly certified copy of the certificate, filed in the county clerk's office, designating the same locality as his office. If such proof of the actual designation was requisite it might, if omitted on the trial, be proved on the appeal for the purpose of sustaining the judgment. The specific ques-

tion was left to the jury whether Tillinghast was off the limits at the time when the summons was served, and they must be deemed to have found in the affirmative.

The defendant objected to the proof of the several precepts, on the ground that the plaintiff must show the proceedings before the surrogate upon which they were issued. The decree on which they were issued was introduced in evidence by the plaintiff, and fully recites all the facts which gave the surrogate jurisdiction to issue the said precepts, and the fact that the said Tillinghast was removed from his office of administrator with the will annexed was proved by the introduction of the surrogate's order to that effect. By article 3 of title 3, chapter 6, of the second part of the Revised Statutes, sections 63 and 64 (3 R. S., 6 ed., pp. 99, 100), an administrator may be cited to account or may voluntarily render his final account; and by chapter 460 of the Laws of 1837, as amended by chapter 229 of the Laws of 1862, the surrogate was given the same jurisdiction to require any executor or administrator, whose letters have been revoked, to render an account of his proceedings, as is conferred by article 3 of title 3, chapter 6, of the second part of the Revised Statutes. That is, the same power is conferred upon the surrogate to require a removed administrator to account, as was conferred on him by the statute last cited, to require an unremoved administrator to account. Chapter 733 of the Laws of 1865 provides that when an administrator shall have been removed or suspended, or his letters of administration shall have been revoked, he shall be liable to account on the application of his successor, and the surrogate shall have power to decree the payment and delivery to such successor of all assets, etc., and to compel the performance of such decree in the same manner as of decrees made in other cases of accounting. But this was not intended to and did not repeal the statute which authorized the surrogate to call such administrator to account on the application of a creditor, or to take a final account on the application of the removed administrator. In this case it does not appear that any successor of Tillinghast was appointed to succeed him in the administration from which he was removed; and, in the case of *Annett* v. *Kerr* (28 How. Pr., 324), the court, in discussing the effect of the act of 1865, holds that " all parties

interested in the estate as creditors, legatees or next of kin have a right to summon a removed administrator to account, and procure a decree against him." (And see Redfield's Surrogate Practice, 364.)

The surrogate had jurisdiction of the subject matter, that is, of the rendering of an account by the removed administrator; and jurisdiction of the party was sufficiently acquired by his voluntary appearance upon the citation; and in any event the judgment was not void, even if erroneous as to any of its particulars. But the sheriff cannot avail himself of any error in the judgment or of any error in the process upon which he made the arrest unless the latter was absolutely void, and cannot defend any action for an escape upon any such ground. (*Cable* v. *Cooper*, 15 Johns., 155; *Jones* v. *Cook*, 1 Cow., 309; *Bissell* v. *Kip*, 5 Johns., 89; *Fox* v. *Drake*, 8 Cow., 192; *Ginochio* v. *Orser*, 1 Abb. Pr., 433.) The principle last referred to constitutes an answer to the objections of the defendant that certain items were included in the surrogate's decree in excess of what the surrogate had power to adjudge that Tillinghast should pay.

The defendant had set up in his answer and offered to prove on the trial that Tillinghast was insolvent. The proof was objected to and the defendant excepted. It has long been settled that in an action of debt against the sheriff for an escape he was liable for the whole amount. All the different forms of action known before the Code of Procedure were thereby abolished, and but one form of action for the enforcement or protection of private rights and the redress of private wrongs was given by that enactment, which is denominated a civil action, and the only requirement as to the form of action is that the complaint shall contain a plain and concise statement of the facts constituting each cause of action. The complaint in this case contained all the necessary particulars to show a cause of action against the sheriff for an escape. The liability of the sheriff in such case seems to be prescribed by section 158 of the Code of Civil Procedure, which enacts as follows: " Where a prisoner in a sheriff's custody, goes or is at large beyond the liberties of the jail, without the assent of the party at whose instance he is in custody, the sheriff is answerable therefor, in an action against him, as follows:

" 1. If the prisoner was in custody by virtue of an order of arrest, or in consequence of a surrender in exoneration of his bail, before judgment, the sheriff. is answerable *to the extent of the damages sustained by the plaintiff*.

" 2. If the prisoner was in custody by virtue of any other mandate or in consequence of a surrender in exoneration of his bail after judgment, the sheriff is answerable *for the debt, damages or sum of money for which the prisoner was committed.*"

This section was evidently intended to provide that in all cases where the prisoner was committed on final process and escaped, the sheriff should be answerable for the sum for which 'he was committed, and restricts evidence in mitigation of damages to cases where the prisoner was committed on *mesne process*.

The only other question of any importance which is presented by the exceptions of the defendant is as to the right to recover interest on the demand for which the prisoner was committed. This question seems to be answered by the provisions of the section (158) above quoted. " The sheriff shall be answerable for the debt, damages, or sum of money for which the prisoner was committed." The several matters or precepts on which Tillinghast was arrested directed that he be retained in custody until he should pay the sum specified in each, " with interest thereon from September 27, 1876," and such was the indorsement on the process.

It is claimed by the plaintiff that the sheriff had no right to admit Tillinghast to the liberties of the jail, and the question seems to be a mooted one, not yet fully determined. (See *Matter of Watson* v. *Mary Nelson*, 69 N. Y., 536, and *People* v. *Marshall*, 7 Abb. New Cases, 380.) However this point may be ultimately determined, it seems. to be immaterial in this case, as the plaintiff proved, and the jury has found, that Tillinghast was outside of the limits of the jail when the suit was commenced.

The judgment is affirmed.

SMITH and HARDIN, JJ., concurred.

Judgment affirmed.