By the Court,

Cowen, J.
It was said by the defendant’s counsel on the argument of this case, that no escape was proved at the trial. The evidence was truly very slight; but the judge and parties assumed it as sufficient, and no such point was made at nisi prius. Had it been, farther proof would doubtless have been given; perhaps indeed it was given, but omitted in making up the case, because there was no objection on account of the defect; a thing which often happens. It is enough, therefore, to say that the point was not made, but the cause proceeded on entirely different questions, taking the escape for granted.
The more difficult question is, whether the onus prohandi in respect to the damages sustained lay with the plaintiffs, after they had proved the escape and the judgment against Kelly: or in other words, were not the plaintiffs, prima facie, entitled to recover against the sheriff the amount of their judgment, until he gave evidence to show that the injury sustained by them in consequence of the escape was short of the §10,000? I think we are to intend in favor of the sheriff that the escape was not voluntary, but negligent, and there can be no dispute as to the true rule of damages. I will only refer for this to Brooks v. Hoyt (6 Pick 468), which holds that in an action on the case, even for a voluntary escape, the actual damage [546] sustained, not the debt or judgment recovered against the original debtor, shall form the measure of damages. In that case, however, after the plaintiff had made out his case, the defendant gave evidence in mitigation that the debtor was poor, &c. The circumstances came from the defendant; and such was the course in the following cases, where the same rule of damages was also agreed to, at least in respect to a negligent, escape, and to like acts of neglect (Potter v. Lansing, 1 Johns. R. 215; Russell v. Turner, 7 id. 189: Smith v. Hart, 2 Bay 395; Bunnell v. Lithgow, 2 Mass. R. 526; Weld v. Bartlett, 10 id. 470; Nye v. Smith, id. 188; Shackford v. Goodwin, 13 id. 187; Rich v. Bell, 16 id. 294; Eaton v. Ogier, 2 Greenl. 46; Clark v. Smith, 9 Conn. R. 379; The State Treasurer v. Weeks, 4 Verm. R. 215). In Doe, ex. dem. (Ham v. Martin, 1 Hawks 423), the same course was taken even as to a voluntary escape. See also Duncan v. Klinefelter (5 Watts, 141, 144), All this, however, is but pursuing the general rule, which nobody disputes, especially where the escape is negligent.
The question still recurs, on whom does the onus lie? The more recent books on evidence, Phillips, Starkie and Roscoe, I presume give us no direction. None has been cited from them by counsel, and on the best search I can make, I find none. Starkie, 2 vol. ed. of 1837, 740, merely says, “If the plaintiff has not in fact been injured by the sheriff’s laches, the damages will be merely nominal.” He cites Tempest v. Linley, (Clayt. 34). Clayton is, I believe, the first systematic nisi prius reporter. All his cases were" decided at the York assizes. Tempest v. Linley was a case before Damport, chief baron, in August, 1633, and there the plaintiff took the onus, and the reporter holds that it belonged to him. The whole of the report is thus: “An action upon the case against a sheriff upon an escape suffered by his baily upon a mean process; and it was in evidence, as is necessary to make this case, that there was such a debt, that such a process and warrant was, and a due debt; and lastly that the party arrested was be•come insolvent, otherwise he should not have recovered damages to the *308 ¡value of his debt, as he here did, upon all this, proved in evidence as aforesaid.” On the authority of this case, Mr. Peake (Norris’ Peake, 608), lays down the rule thus: “In order to shew the amount of damages he has sustained, the plaintiff should also prove the circumstances of the defendant at the time of the arrest, and that lie has since absconded or become insolvent; for if the defendant were originally in bad circujnstances, or he may be met with every day, and the plaintiff has not in fact been injured by this negligence of the defendant, the damages will be merely nominal.” On the other hand, in an action against a sheriff for taking insufficient bail on mesne process, against one Kittridge, where the rule for damages is exactly the same as in case for an escape on such process, Shackford v. Goodwin (13 Mass. Rep. 187), the judge directed the jury to allow the plaintiffs the whole amount of the judgment in the original suit, with interest, unless the defendant should prove beyond all doubt that Kittridge was a vagabond and worthless. On motion for a new trial, the court said in respect to that direction, “More doubt has been raised in our minds by the last objection. But here again the benefit of the judgment to the whole amount of it, is to be presumed lost by the negligence of the officer. The defendant might have repelled this presumption and reduced the damages. But the evidence for this purpose must be suggested and produced on his part. It is not sufficient for him to say negatively that it did not appear that the principal had property. More than this was necessary to raise a presumption for him that the judgment was of no value” (Young v. Hosmer, 11 Mass. R. 89). Again, in this court, in an action on a jail bond, for the escape of the defendant from the limits, he being on the limits under a committitur, upon the application of his bail the defendant here proved that the original defendant had no other property than a cow, worth 16 dollars, and the judge directed the jury to find that amount for the plaintiffs, which they did. On motion for a new trial, on the ground that nominal damages only should have been assessed, the court said, that the plaintiff could recover more than nominal [548] damages, was too plain for discussion. “He is entitled prima facie to recover his whole debt, which is presumed to be lost by the escape; and it could only have been reduced down to the sum found by the verdict upon the evidence given, that if the party had not escaped, there was no ground to consider that any greater sum could have been recovered of the original defendant by the coercion of confinement” (Kellogg v. Manro, 9 Johns. R. 300). I rather think these authorities are against the understanding in Westminster Hall, though even there they are somewhat sustained by analogous principles. The body, on a ca. sa.. is considered the highest satisfaction in the law; that is, for the time gone, by the sheriff’s negligence, and it is doing no violence to say that a defendant who would escape had prima facie secreted himself or otherwise placed himself and property beyond the reach of execution. Besides, I think the late case of Godefroy v. Jay (5 Moore & Payne 284), in principle closely akin to the one in question. Godefroy had been sued by one Dubois for negligently driving a gig over his child; and he retained Jay an attorney to defend, who did not even interpose the general issue. Judgment of ¿631 10, therefore, passed by default which Godefroy paid, with ¿65 sheriff’s fees. In an action against the attorney for this negligence, there being no proof by the plaintiff showing he was not guilty to the full amount recovered, Tindal, O. J., who tried the cause, recommended to the jury a verdict for only nominal damages. They, however, found for the plaintiff ¿645. Yet the court refused a new trial, and Chief Justice Tindal and Mr. Justice Alderson both ground themselves on the idea that it lay with the defendant to reduce the damages by proving the guilt of .his client. So with us, where a constable seized and sold a note under execution, this court held, in an action of trover, that the nt'ninal amount *309 should prima facie measure the damages; and if worth less it lay with the defendant to show it on his side (Ingalls v. Lord, l Cowen 240). On the whole, I think the weight of authority with us is against the course pursued by the learned judge at the trial; and that the cases that way are sustained by principle. Therefore, there should be a new trial on this-ground.
In respect to the insolvent proceedings, the offer of compromise [549} and a letter, the object in offering them is not stated in the case. If they are to be taken as the declarations of Kelly, to prove facts against the sheriff, they struck me at first as objectionable on the general ground that they were hearsay evidence of a third person. Mr. Starkie, however, (2 vol. ed. of 1837 p. 740), advocates the receipt of such declarations, even without regard to the time when they are made, and this although he admits there is no privity between the prisoner and the sheriff. The cases which he cites will hardly bear him out to this extent, but should rather, perhaps, be confined to a time before the escape, according to what Bayley, J., said in Rogers v. Jones (9 Dowl. & Ryl. 878). According to this, the offer of compromise was improperly overruled; but not the letter from New Orleans, unless, as is now professed, they were offered to prove where Kelly was. Showing him to have escaped and gone beyond the sheriff's reach was admissible. The offer, therefore, to show ineffectual search, would seem to be admissible within the rule which I have cited from Norris’ Peake, 608, though that is not now made a point.
It is now said that the insolvent discharge should per se be received as legitimating the escape and defeating the action. This point was not made on the trial, nor probably could it have been, on the materials there, for the time of the escape, as whether before or after the discharge, was not ascertained. Neither party was willing, it seems, to await the jailer’s return from his errand of search, to ascertain the time. It is quite obvious, however, from the face of the discharge, as well as the act to abolish imprisonment, under which it professes to be granted (1 R. S. new ed. 807, et seq.), that the discharge has no connection with, and can have no effect upon the suit in which Kelly was imprisoned. He was committed as a non-resident. The application for a discharge was not made in respect to this suit, but another, assuming to be a suit within the act, in which one Morrison was plaintiff, in the common pleas of New York.
New trial granted; costs to abide the event.