By the Court, Cowen, J.
I think the learned judge was right, in directing a verdict for the full amount of the unpaid sum endorsed on the, fi. fa. There were goods sufficient, in the hands of the defendants, or some of them, to satisfy it. Of these, the sheriff neglected to levy the amount, and unwarrantably delayed to return the ft. fa. For such neglect, especially in respect to final process, he is prima facie liable to pay the whole debt; and conclusively so, unless he can mitigate the amount, by showing that he 'was unable to collect by an exercise of proper diligence; as, if the defendant in the execution were insolvent, or the plaintiff himself have been the causé why the whole was not collected. The rule was thus laid down by Parker, J. in Weld v. Bartlett, (10 Mass. R. 474,) and we think, correctly. It was repeated and enforced in the subsequent case of Young v. Hosmer, (11 id. 89, 90,) to a greater extent, and with more severity, than is necessary to uphold the judge’s charge here. The same rule was adopted by this court, in an action against the surety for the jail limits. (Kellogg v. Munro, 9 John. R. 300, 302.) The books to this point are considered in Patterson v. Westervelt, (17 Wendell, 543,) where, substantially, the same rule wag adopted in. respect to an escape from mesne process. -
New trial denied.