SPAETH (TURRELL v.). See Cases Nos. 14,267–14,269.

═══

# Case No. 13,197.

## SPAFFORD et al. v. GOODELL.

[3 McLean, 97.] [1]

Circuit Court, D. Michigan. Oct. Term, 1842.

ESCAPE — PROCESS — DEPUTY — FEDERAL PROCESS—
MEASURE OF DAMAGES.

1. In an action for an escape. the sheriff cannot take advantage of an irregularity in the process, which does not render it void.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. The deputy of the marshal is a sworn officer, known to the law, and he may return, as deputy, the process served by him. Such has been the uniform practice.

3. A sheriff who receives as jailor, a person arrested by the marshal, is bound to keep the prisoner under all the responsibilities, as if he had been arrested under state process.

4. An escape on final process, subjects the sheriff to damages to the amount of the injury received by the plaintiff.

5. This injury is measured by the amount of property possessed by the defendant, not exceeding the sum named in the execution.

[Cited in Sheldon v. Upham, 14 R. I. 493.]

6. Where the defendant is wholly without property, nominal damages, only, can be recovered against the sheriff.

At law.

Goodwin & Collens, for plaintiffs.
Witherell & Buell, for defendants.

OPINION OF THE COURT. This action is brought against the defendant, as late sheriff of Wayne county, in this state, charging him with an escape. On the 22d June, 1838, a judgment was obtained in this court, against James Hale, by the plaintiffs, for seventeen hundred dollars. A capias ad satisfaciendum was issued on the judgment, the 11th February, 1839, which was returned cepi corpus. An objection was made to the execution, on the ground, that in pursuance of the statute of Michigan (Rev. St. p. 453. § 15) it did not require personal and real property to be taken, before the body; but the objection was overruled. The sheriff who, under the act of Michigan, received the defendant in custody, cannot object to the irregularity of the execution. It was not a void process, and collaterally advantage cannot be taken of an irregularity, which does not show that the process was wholly void. It was also objected that the return on the execution was not made by the marshal, but by his deputy, and 2 Caines, 10, Story, Ag. 139, note 2, were cited. A deputy marshal is an officer known to the law, and it is the general practice, long sanctioned by the courts, for the deputy to make return of process served by him. It might be more technical to return the same in the name of the marshal, but the custom has been otherwise. The deputy is a sworn officer, and the court think that the return is good. They would even now permit the marshal to amend the return, if it were essentially defective. The defendant, as sheriff, was bound to keep the defendant committed to his custody by the marshal, under the same responsibilities, as if the arrest had been made under state process. But on the same evening of the commitment, the sheriff released Hale, on his giving a bond as required by Rev. St. p. 682, c. 8; and this bond was offered in evidence. The act under which this bond was taken, does not apply to the courts of the United States. It was passed subsequently to the act of 1828 [4 Stat. 278], adopting the state laws in regard to the prac-

tice of the courts of the United States, and it has not been adopted, expressly, by a rule of court. Even under the statute, the bond is liable to objections, but these need not be considered.

Evidence was offered to show the amount of the property possessed by Hale, the defendant in the execution; and also rebutting evidence, conducing to show that he was embarrassed and owned no property.

The court instructed the jury, that the escape being proved, the plaintiff was entitled to recover from the defendant damages to the extent of the injury which resulted from the escape. That if Hale had property which might have been applied in discharge of the execution, the plaintiffs should recover the full sum called for in the execution. But if the property was not liable to the execution, by reason of prior liens, that the plaintiffs could only recover nominal damages. That the damages could not exceed the property of Hale. That his commitment was a means of coercing payment, and if he were wholly without the means of payment, the damages must be nominal. The jury found for plaintiffs; on which a judgment was entered.