## NEW-YORK COMMON PLEAS.

### Buckman agt. Carnley, Sheriff.

Where the bail given for a defendant upon his arrest are excepted to and do not justify—and no other bail are given—nor a deposit made, the sheriff himself becomes liable as bail.

At any time before process against the person of the defendant is issued, the sheriff may discharge himself from such liability by the giving and justification of bail, but not after such process.

The putting in of such bail after such process, and an order exonerating such bail upon a surrender, held unnecessary and inoperative, except as a means of getting the original defendant into custody.

But the sheriff, although his liability *as bail* is fixed by such return of a *ca. sa.* "not found," is only liable *as bail*, and he has the same right to relief within twenty days after action brought against him, as is given to bail by § 191 of the Code; and upon obtaining the lawful custody of the defendant, so that he may be held in execution of process against his person, he may be discharged from his liability.

Papers served in the name of a stranger—not an attorney of the court—not authenticated by a party or his attorney, or by the sheriff or any one professing to act in his behalf, are irregular, and cannot be made the basis of an order which shall affect the plaintiff's proceeding.

*Special Term, Feb.*, 1854. This is an action brought against the sheriff of the city and county of New-York to recover from him the amount of a judgment recovered by the plaintiff against one John L. Haines; and the present motion is made for a perpetual stay of the plaintiff's proceedings, upon the ground that the liability of the sheriff has been discharged by an ex-oneretur obtained since this suit was commenced.

The following facts appeared by the affidavits read on the motion.

An order to arrest Haines, (defendant,) in the original action was made on the 15th January, 1850. On such arrest the sheriff took from him and two others, the usual undertaking by bail, pursuant to section 187 of the Code, a copy of which was served on Mather, plaintiff's attorney, in *that* suit on the 30th of January.

Mather, then plaintiff's attorney, gave notice of non-acceptance of the bail thus put in, on the 5th of February following,

and proceeded to judgment in the original suit, issued a *fi. fa.* on the judgment, then a *ca. sa.*, which latter writ was returned by the sheriff "not found" on the 5th day of October thereafter.

On the 20th day of November the plaintiff, by White his attorney, commenced this action.

On the same day, but after this suit was commenced, a copy of a paper purporting to be an undertaking by Matthew H. Chase, deputy sheriff as bail, marked, "Filed Oct. 30, 1850," with certificate by the under sheriff annexed, certifying that John L. Haines is in the custody of the sheriff; and a notice signed by *Matthew H. Chase* that *he* would apply on the 30th of November, at 10 o'clock A. M., for an order exonerating *him* as bail was served upon Mather, the plaintiff's original attorney.

Before the time mentioned in such notice, Mather served on the sheriff a notice that he had received such papers, stating that he did not understand what it meant; notifying the sheriff that he did not accept Chase as bail, if so intended, denying the regularity of the proceeding, and referring the sheriff to the *complaint* in *this* action.

An order was, nevertheless, made upon the same day, upon proof of the service of the above papers upon Mather, who did not appear to oppose, that "bail of the defendant" in the action be exonerated, which was also served on Mather the same day.

On the 11th of December following, for some reason which does not appear, an order was obtained and served on Mather, bearing the signature of a judge of the court, (but not authenticated or certified in any manner so as to show upon whose application, or at whose instance it was made,) requiring *him* to show cause why the *bail* of the defendant, in the original action, should not be exonerated. A copy of this order Mather sent to the sheriff on the 13th of December, stating that he did not know from whom it came, and inviting the sheriff to pay such attention to it as the sheriff might think proper to protect his own interests, or if the order itself was procured on

his (the sheriff's) behalf, denying its regularity and reiterating his former reference to this suit.

Notwithstanding such last-mentioned notice, upon a further certificate dated the 11th of December, signed by the under sheriff, stating that the defendant, Haines, was in custody by virtue of a commitment in *discharge of his bail,* and on proof of service of the last above-named order to show cause, no person appearing for the plaintiff, an order was, on the 16th of December, 1850, made by the judge *upon the back of the undertaking signed by Matthew H. Chase,* that "the bail of the defendant are discharged from all liability, as such bail in the suit in which the *within* undertaking was taken."

Thereupon, and on the 30th of December, 1850, the present order to show cause why proceedings in this action against the sheriff should not be perpetually stayed, was granted upon affidavits that the sheriff caused the undertaking by *Chase* to be put in and the various subsequent papers and proceedings above-named to be served and taken, and that he had tendered the plaintiff's attorney the costs in this action, and this order to show cause was served upon White, the plaintiff's attorney in this action, and was the first notice received by him of any steps taken in the matter since this suit was commenced, except that some person whom he did not know had on the 11th of December offered to pay him $12,12 as the costs of this action, provided he would discontinue this suit.

JOHN H. WHITE, *for Plaintiff.*
FONDEY & LATHROP, *for Defendant.*

WOODRUFF, Judge. Chapter 1st of title 7 of the Code, after authorizing an arrest, specifying the requisites of bail, and their right to surrender their principal, and the manner of doing so, provides in § 201, that if the defendant, after being arrested, escape or be rescued, or if bail be not given or justified, or a deposit be not made, &c., the sheriff shall himself be liable as bail, and that he may discharge himself from such liability by giving and justifying bail at any time before process against the person of the defendant.

In the present case the defendant was arrested, bail was not justified, and no deposit was made. The sheriff did, therefore, by the clear terms of the section, become liable as bail. He did not discharge himself by the giving and justification of bail before process against the person of the defendant was issued. His right to discharge himself by giving and justifying bail was gone, and his liability as bail thereby became fixed.

What was that liability, and could the sheriff be afterward exonerated?

This question will be answered by inquiring, what is the liability of bail, and how may bail be exonerated?

·1st. Bail may be exonerated by a surrender of the defendant before a failure to comply with their undertaking, i. e., before the return of process against the person of the defendant. (Sections 188–9.)

Neither the sheriff nor other bail can avail themselves of this provision, according to its letter, after their liability is fixed by the issuing and return of such process, and if their liability become so fixed, they may be proceeded against by action. (§ 190.)

2d. By the death of the defendant, his imprisonment in the state prison, or his legal discharge from the obligation to render himself amenable to the process.

Neither of these circumstances have arisen in this case.

3d. By the defendant's surrender to the sheriff of the county where he was arrested in execution of the process against him, within twenty days after the commencement of the action against their bail, or within such further time as may be granted by the court. (§ 191.)

This provision contemplates the recovery of final judgment against the original defendant; the issuing of process against the person; the return of that process by means of which the liability of bail has become fixed; the commencement of suit against the bail upon that liability, and a surrender thereafter in their exoneration, within twenty days, or within such further time as the court may grant.

Under this latter provision, bail, though their liability as such has become fixed, may be exonerated by a surrender after

action brought against them as above suggested; the sheriff in a case like the present has become liable as bail, but only as bail—his liability is the same in extent—is to be enforced in the same manner, and may be discharged by the same means. To hold otherwise would not be to hold him liable as bail, but as under a liability more stringent than that of bail.

I have therefore no doubt that the sheriff may, after action brought against him, be exonerated by the surrender mentioned in the 191st section. It was, in my judgment, the intention of the legislature to place the sheriff, in case of escape or failure of bail to justify, &c., in the same situation in all respects as bail, if he do not before process issues against the person of the defendant, put in other bail who shall justify; and when in that situation, he has the same right to an exoneretur after action brought against him, which, by the last-named section, is given to them.

The sheriff, in this case, caused other bail to be put in, and, upon their surrender of the defendant, obtained an order for the exoneration of the bail of the defendant. His right to put in other bail as between him and the plaintiff was gone, when process issued against the person of the defendant, (§ 201.) Not having previously put in and justified bail, he had then become bail himself; the only exoneration which was required, and was proper or regular, was an exoneration from his liability as bail; he could not as between himself and the plaintiff substitute another. The plaintiff was not bound to regard the other bail so put in. But this form of putting in other bail, and the surrender by them, has obviously been resorted to only as a means of bringing the defendant within the power of the sheriff, so that he might avail himself of the privilege given by the 191st section. Whether it was necessary for the sheriff to adopt that means, it is not material to inquire. Those means were successful, and the plaintiff has no concern with the inquiry how the sheriff was enabled to effect the surrender, provided it was done in such a manner as to leave the defendant in custody, and make him amenable to process under the judgment against him—this, I think, was done.

Buckman agt. Carnley, Sheriff.

But the attorney for the plaintiff, in the original action, was notified of an application to exonerate the bail for the defendant, and was served at the same time with an undertaking, signed by Matthew H. Chase. He had no reason to suppose that this application was made by the sheriff, or was for his exoneration. It was a matter of indifference to him whether Matthew H. Chase was exonerated or not—as between the plaintiff and the sheriff—the sheriff was bail, and notice ought to have been given that an application would be made to exonerate him. The papers served were not authenticated in any manner so as to apprise the plaintiff that the sheriff was seeking to obtain relief, and if it was proper to serve them upon the attorney for plaintiff in the original action, instead of his attorney in the present suit, I think they were not sufficient notice of any motion in the sheriff's behalf.

I would not encourage a total disregard of any notice of an application to the court, founded on mere irregularity. But here the plaintiff's attorney did not totally disregard it. He notified the sheriff that he had received such a notice—that he did not know from whom it came—that he deemed it irregular, and put the sheriff fully on his guard, and the sheriff ought, I think, to have thereupon distinctly apprised him of the purpose and design of the application, and on whose behalf it was made. Upon this ground I think the motion must be denied; but I am disposed to stay the plaintiff's proceedings and give time to the sheriff to procure an exoneretur, to which he is, I think, clearly entitled.

As the questions raised on this motion are novel, and the practice under this part of the Code, so far as I can discover, wholly unsettled, and by no means free from difficulty, I allow no costs.