## DAGUERRE a. ORSER.

*New York Common Pleas ; Special Term, July,* 1856.

### AMENDMENT.—ACTION AGAINST SHERIFF.

It is only when the purpose of amendment is to conform the pleading or proceeding to the facts proved, that the court is restricted from allowing an amendment which changes the nature of the claim or defence.

When the application is for any other purpose, it ought to be considered as similar applications under the Revised Statutes were.

What amendment to the complaint should be allowed in an action against the sheriff for an escape.

Motion for leave to amend a complaint.

BRADY, J.—This action is one for an escape on the pleadings, and for a false return, and not an action under section 201 of the Code of Procedure, which provides for the liability

of the sheriff *as bail* if the defendant, after arrest, *escape*, etc. The complaint confessedly does not contain the necessary allegations and the plaintiff now asks that those allegations be inserted by amendment.

It is insisted that the amendment will substantially change the claim, and cannot, under section 173, be allowed; and, although I am convinced of the result of the amendment conjectured, I do not consider the application subjected to the test implied in the objection. That part of section 178, just referred to, applies *only to amendments to conform the pleading or proceeding to the facts proved.* When the application is for any other purpose, it is to be considered as similar applications under the Revised Statutes were considered, to be allowed for the furtherance of justice on terms.

The language of section 173, and of the Revised statutes, are almost identical, (2 *Rev. Stats.*, 424), and may be construed together. Considering them together or singly, I think, for the reasons which will be assigned, the amendment cannot be allowed. An action of escape is governed by rules very different from those which apply to actions against bail, not only in reference to the liability of the defendant, but the manner in which they may be discharged and the period within which they may be prosecuted. In an action for a negligent escape on mesne process, the plaintiff shall recover only the actual damages sustained, and the insolvency of the debtor is a good defence. (Patterson *v.* Westervelt, 17 *Wend.*, 543, and numerous cases cited). The same rule has been applied to voluntary escapes and it seems with great propriety and justice. (1 *Hawks*, 423; 5 *Watts*, 141, 144, cited in 17 *Wend.*, *supra*). The sheriff would have no right to restore the prisoner, and thus relieve himself in the action for an escape if he could do so, but would be held to respond to the damages sustained by the plaintiff. The escape having occurred, the right of action is perfect and remains intact; but by the statute of limitations before and since the Code of Procedure, suit must be commenced within a year after the escape. (2 *Rev. Stats.*, 224, *Code*, § 94). In this action, therefore, the actual damages sustained by the plaintiff can only be recovered.

The action contemplated by section 201 is not an action for

an escape, or one in the nature of such an action, although the escape of the defendant is one of the events which would create the cause of action provided by that section. It would subject the sheriff to liability as bail, and would give the plaintiff, after judgment obtained and execution issued against the person of the defendant, a right to proceed against the sheriff at any time within three years, although it may be doubted from the peculiar phraseology of section whether he would be limited to that period. At all events the plaintiff would not be limited to one year as for an escape. The action under § 201, it will thus be seen, is entirely different, and founded on a chain of events entirely different, save in one respect, from those which establish the action for an escape. The defendant must be arrested, he must escape if that be the act complained of, a judgment must be recovered against him and an execution issued and returned not found. If he escape and no judgment be had, there is no right of action against the sheriff. The provision contemplates final recovery against the original defendant. (Buckman *a.* Carnley, 9 *How. Pr. Rep.*, 183), and in addition to what has just been enumerated, I have no doubt but the sheriff has twenty days after the commencement of the action against him in which to surrender the defendant in exoneration, and such further time also as the court may grant. And that, notwithstanding the latter part of section 201, which provides that the sheriff may discharge himself at at any time before process against the person of the defendant, to enforce the order or judgment, by the giving and justification of bail. Such was the opinion of Judge Woodruff in Buckman *v.* Carnley, *supra*, in which I concur. The sheriff, being liable as bail, has all the rights and privileges incidental to such relation secured by the common law and the practice of the courts under it. The section just referred to does not deprive him of any of those rights, but merely declares a rule which existed as one of the means by which he could have relieved himself prior to the Code. It does not declare that to be the only mode of discharge, and does not abrogate or affect in terms any existing right or privilege.

The complaint in this action being one for an escape, none of the immunities attaching to bail could be availed by the

defendant, and he was justified in assuming that the plaintiff could only ask from him the damages which he had actually sustained by reason of the alleged cause of action. His answer was framed to meet such liability, and his shield was one for defence only, not for favor which the court might have ex· tended to him to enable him to produce his prisoner. His preparation was necessarily different to meet this complaint from what it would have been to defend the one designed to be introduced, and it seems to me very conclusive in every aspect of this case that the amendments change the form and character of the action; changing a claim for actual damages to a claim for the whole amount of the judgment against the original defendant, which would be the plaintiff's damages under section 201. This view is not affected by the fact that the demand in the complaint is for the amount of that judg- ment, because, as we have seen, that would be his recovery of his actual damages in this action. The legal character of the claim is determined by the facts set forth, and not by the relief demanded. The amendments are not material to the case presented in the original papers, and the furtherance of justice does not demand or require that the amendments should be permitted.

The action must be denied, but without costs, the question being new and not free from difficulty.

---

## McMAHON *a.* ALLEN.

*New York Common Pleas; General Term, March,* 1856.

*Again,—Special Term, June,* 1856.

SUPPLEMENTAL COMPLAINT.—RELIEF.—AMENDMENT.

Leave will not be granted to file a supplemental complaint which alleges any fact known to the plaintiff at the time of commencing the action.

It is improper to join in one complaint prayers for relief against the defendant indi- vidually and in his capacity as executor, &c.*

* See Landau *a.* Levy, 1 *Ante,* 376.