By the Court—Bosworth, Ch. J.
Section 8 of the act of the 19th of March, 1787, (Laws of N. Y., Greenl. ed., vol. 1, p. 410,) and section 21 of the act of April 6, 1813, (1 R. L., p. 426,) ’ so far as they relate to a prisoner committed to prison “ upon contempt,” are, in substance, the same as section 64 [section 61] of 2 Revised Statutes, 437, except that the latter section declares the sheriff, in case he suffers or permits any prisoner so committed “to go or be at large out of his prison,” “shall be liable to the party aggrieved for his damages sustained thereby, and shall be deemed guilty of a misdemeanor.” The two statutes first cited contain no provision in respect to the extent of the Sheriff’s liability for such an escape.
Section 8 of the act first cited, and sections 19 and 21 of the act of 1813, provided for the case of the escape of a prisoner committed “ upon mesne process, or in execution,” as well as “upon contempt.”
But, after the passage of the act of April 5, 1798, (Sess. 24, chap. 91,) regulating the liberties of jails, (and see 1 R. L., 427, chap. 69, § 6,) the Sheriff was at liberty to allow the prisoner, committed on mesne process or in execution, to go at large within the liberties of the jail, without being liable for an escape, provided such prisoner did not go without such liberties.
*401 In the revision of 1830, the Revisors intended, by section 64 [section 61,] (2 R. S., 437,) to provide for .those cases only where a prisoner was required to be kept m close confinement. That section, and the three which immediately succeed it, were regarded as declaratory of the then existing law, and not as introducing any new rule of liability on the part of Sheriffs for the escape from their custody of any prisoner named in either of those sections. (Rev. Rep. and Notes, 3 R. S., p. 747, art. 4: “Of escapes, and the liability of Sheriffs therefor.”)
It was also perfectly well settled, that a Sheriff could be sued only in case for any escape, prior to the statutes which authorized an action of debt, for the escape, of a party committed upon an execution from a court of record, on a judgment in a civil action.
The statute has not authorized an action of debt for the escape of a prisoner committed “upon contempt,” or “ upon process for contempt,” nor declared that when such a prisoner is required^ by the terms of the process on which he is committed, to be kept in close custody until he pays a sum certain, as a fine imposed upon him, the Sheriff shall be liable, if an escape occurs, for such sum, absolutely and at all events. On the contrary, it declares that he shall be liable for such damages as the aggrieved party shall have'sustained thereby. (2 R. S., 437, § 64, [sec. 61.])
Where the statute has not provided a different form of remedy, case is the only form of action which can be brought against the Sheriff for the escape of a party committed to his custody. And where the statute has not prescribed a different rule of liability, only the actual damages sustained by reason of the escape can be recovered.
And although the statute authorized, in the case of an escape of a party committed on a ca. sa.] the recovery from the Sheriff, in an action of debt, of the “debt or damages” for which the prisoner escaping “was committed,” yet that remedy has uniformly been held to be cumulative to the remedies at common law. By resorting to that remedy, the plaintiff can recover the amount of his execution, and only that; whereas, if he brings case, as he may do, he will be entitled, on some states of facts, to recover interest on the amount of his judgment, and, on others, may have his recovery reduced to nominal damages.
*402 That case alone will lie, unless the statute has otherwise provided, and that, in an action on the case, only actual damages are-recoverable, is settled by Rawson v. Dole, (2 J. R., 454,) Van Slyck v. Hogeboom, (6 id., 270, and cases cited in note d,) Spafford v. Goodell, (3 McLean, 97,) Lash v. Ziglar, (5 Iredell Law R., 702,) Patterson v. Westervelt, (17 Wend., 543,) Fairchild v. Case, (24 id., 381,) and Smith v. Hart, (1 Brev., 146, and note.) (See Robinson’s Pr., vol. 2, p. 581, title 5, chap. 61, §§ 4, 5, and 6.)
Some of these cases also determine that when debt is brought for the escape of a party committed in-execution, only the principal ; of the execution, without interest, is recoverable under a statute fixing the debt or damages for which the prisoner wás committed, as the sum to be recovered.
The section of the Revised Statutes applicable to the present case, (2 R. S., 437, § 64, [sec. 61,]) makes the Sheriff “liable to the party aggrieved for his damages "sustained thereby,” that is, by the escape. It is, therefore, only the actual damages sustained by the aggrieved party that can be recovered. The true measure of damages is the value of the custody of- the debtor at the moment of -the escape. That value must depend upon the circumstances of each particular case.
If the -party in- custody, upon process for contempt, is to be held in custody only until he pay a pecuniary fine -imposed upon him, and if-he is utterly insolvent, the damages must necessarily be nominal. - If he is ordered to stand committed until he perform a specified act which he has the power to perform, (2 R. S., 538, § 23,) 4he value of his custody must depend upon the nature of the act, and the consequences to the aggrieved party of a failure to secure its performance.
Since the act of 5th and 6th Victoria, (c. 98, § 31,)" by which the only action against a Sheriff for an escape on final process is an action- on the case-for such damages as the plaintiff-may have sustained by reason of such escape j it has been decided that the measure of damages is-the value of the custody of the debtor at the "moment of" the 'escape. (Arden v. Goodacre, 5 Eng. L. & Eq. R., 436.)
By the-"statutes-of Massachusetts, the action of debt for an escape on final process has been abolished. The rule established by the Supreme Court of that State, since that change was-made, *403 is, that “ the creditor may have an action on the case against the officer, to recover such damages as he shall have suffered by the escape.” (Chase v. Keyes, 2 Gray, 214.)
The rule applied in these cases is, substantially, the rule of damages prescribed by 2 Revised Statutes, 437, section 64. [Sec. 61.] And we think it quite clear, that although the plaintiff is, prima facie, entitled to recover the amount of the fine, yet the statute has not prescribed that sum as a fixed rule of damages; but, on the contrary, the defendant is at liberty to plead and prove, if he can, that at the time of the escape the prisoner was wholly destitute of property.
The following cases are also pertinent to many of the propositions already stated, and are authorities which sustain them: Stone v. Wilson, (10 Gratt., Va., 529,) Howard v. Crawford, (15 Geo., 423,) The State v. Halford, (6 Rich., 58,) Hodges v. State, (8 Ala., 55,) Prather v. Clarke, (3 Brev., 393,) The State v. Johnson, (1 Cart., In., 158,) Wheeler v. Pettes, (6 Washb., 398.)
The matter stated in the answer as a separate and third defense, makes it sufficient as a pleading under the Code, which requires matters to be pleaded which constitute only a partial defense, as well as those which constitute a full defense. (McKyring v. Bull, 16 N. Y. R., 297.)
In this view of the rights and liabilities of the parties, it is immaterial whether the escape described in the complaint is to be regarded, on an admission (by reason of demurring,) of the truth of the allegations as stated in it, as a voluntary or as a negligent escape. The Sheriff is at liberty to allege and prove-the insolvency of the prisoner in reduction of the damages which might otherwise be recovered against him, whether the escape was voluntary or negligent. It follows that the demurrer to the third separate defense was properly overruled.
The only remaining question relates to the sufficiency of the second separate defense stated in the answer.
The complaint avers that the Sheriff “suffered and permitted the said Charles L. Stephani to escape and go at large." The words of the statute are, that “if any sheriff or keeper of a jail shall permit or suffer any prisoner so committed to such jail to go or be at large out of his prison,” &c., “ he shall be liable,” &c. (2 R. S., 437, § 64, [sec. 61.]) The complaint uses the words of the statute—suffer, permit, and uses them conjunctively.
*404 'Asa voluntary return, or fresh pursuit and recapture of tho prisoner before suit brought, is a full defense in case of a negligent escape, it would seem to be illogical to require a sheriff to state, as essential to a sufficient plea to a declaration charging only a negligent escape, that the “escape was made without the consent of such .defendant,” (id., § 67, [sec. 64,]) in addition to averring fresh pursuit and recapture, or a voluntary feturn into custody before suit brought against the Sheriff. “Permit” implies consent given or leave granted.
When it is admitted on the record, or has been found by a jury, that the Sheriff permitted a prisoner in his custody to escape, it must be understdod to be an escape by consent. It was so deliberately 'held in 1802, in Holmes v. Lansing, (3 J. Cas., 73,) and we have not been referred to any subsequent adjudication which questions its accuracy.
The second defense states that Stephani “ may have wrongfully and privily, and without the knowledge, permission or consent of this defendant, escaped,” &c., “ but this defendant alleges, that if the said Stephani did so escape,” he returned into custody, &c.
It does not deny that the Sheriff permitted him to escape, nor allege, as a fact, that he escaped without the Sheriff’s consent. It merely says, that if he ever did escape without the Sheriff’s consent, he voluntarily returned into custody before suit brought and has been since kept in custody.
The allegation that the Sheriff permitted him to escape is not denied either generally or specifically, (Code, § 149,) or by the insertion of an averment in the answer, which, if true, would be inconsistent, or in conflict with such allegation.
The statute requires an averment, whatever may be its words, which amounts in substance to a clear and distinct allegation that the escape stated in the complaint “ was made without the con sent of. the defendant.” The second separate defense contained in the defendant’s answer has no such averment, either in form or in substance.
The form of this part of the answer is not justified by the precedents for special pleas, in such actions, to which we were referred and found in Chitty’s Pleadings. (7 Am. ed., vol. 3, pp. 958, 959.)
They allege, in absolute terms, that the escape was without the knowledge or consent of the defendant; a voluntary return or *405 recapture before suit brought; the continuance of the prisoner in custody; and that such escape and that alleged in the declaration, are one and the same escape.
The proper form of a replication to such a plea is found in the same volume, p. 1170.
Section 168 of the Code gives to a plaintiff the same rights upon a trial as if he had put in a sufficient replication in proper form.
We think this defense, as the part of the answer containing it now reads, wholly insufficient.
It cannot be aided by a reference made by counsel on the argument, and not made by the defense itself, to another and separate defense contained in the same answer, and by assuming to incorporate some allegations found in the latter into the former.
By permitting such a practice, any one and each of several defenses, all of which, as being insufficient, are separately bad and demurrable, would be severally good if the same answer, in -a distinct and independent part of it, denied some allegation of the complaint, without proving which the plaintiff could not recover.
Each defense in an answer, which, by the very words of-such defense, is declared to be “a further, separate and distinct defense,” must be complete in itself, and must contain all that is necessary to answer the whole cause of action, or that part of it which it professes to answer. (The Xenia Branch Bank v. Lee, 7 Abb. Pr. R., 373; S. C., 2 Bosw., 694.)
It cannot be made good by a resort to other distinct parts of the answer to which such defense contains no reference, either in terms or by necessary and just construction.
So much of the order appealed from as overrules the demurrer to the second defense is erroneous and should be reversed, and judgment given for the plaintiff thereon, but with liberty to the defendant to amend so much of the answer as contains such defense, and the order should, in other respects, be affirmed, but with liberty to the plaintiff to withdraw his demurrerto the third defense.
Neither party is to have costs of this appeal, and either party availing himself of the liberty hereby granted, will do so upon the condition of waiving the costs of the demurrer, and of the proceedings had upon it at Special Term.
Ordered accordingly.