THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN D. WHEELER, Respondent.

*Indictment for forging an inland bill of exchange — such a bill is not void because on its face it bears interest at seven per cent — liability of a person, other than the payee, who indorses it.*

Upon an appeal from a judgment sustaining a demurrer interposed by the defendant, it appeared that he had been indicted for making and forging an inland bill of exchange on the Farmers' Bank of Hudson, at one year, for $750, with interest from date at seven per cent, to the order of J, D. Wheeler, which purported to be signed by Norman Coons and to be indorsed by Chester A. Miller. It was claimed by the defendant that, as the instrument purported to bear interest at seven per cent, it was usurious and void, and therefore could not form the basis of a criminal charge.

*Held,* that the bill was not necessarily usurious because, on its face, it bore interest at the rate of seven per cent, and that the question as to whether or not it was usurious, depended upon the consideration received by the maker.

The defendant also claimed, that as Chester A. Miller was not the payee of the bill, and the indictment did not allege that the bill had been indorsed by the payee, it could not bind or injure Miller, whom the indictment charged that the defendant intended to defraud.

*Held,* that this claim could not be sustained, as Coons would, if the instruments were genuine, on non-payment thereof and notice given to him, be liable like an indorser of a note, and Miller too would be liable as an indorser after Coons, and would be so liable to Wheeler or to his transferee.

APPEAL by the People from a judgment of the Court of Sessions of the county of Albany, sustaining a demurrer to an indictment The indictment contained two counts. The first one charged the defendant with falsely making, forging and counterfeiting " of a certain instrument and writing and promissory note, with the indorsement thereon made and written, purporting to be the act and indorsement of Chester A. Miller, and by which a pecuniary demand and obligation purported to have been effected and created against said Chester A. Miller; and which said false made, forged and counterfeited instrument, writing, promissory note and indorsement is as follows, that is to say :

" HUDSON, *November* 30, 1885.

" One year after date Farmers' National Bank of Hudson, N. Y., pay to the order of J. D. Wheeler the sum of seven hundred and fifty dollars ($750), with interest from date at seven per cent, for value received.

" Given by Norman Coons. Indorsed by Chester A. Miller.

" By which false making, forging, counterfeiting and indorsing the said Chester A Miller might be bound, affected and in divers ways injured in his person and property."

The second count charged that the defendant had this note, with the forged indorsement of Chester A Miller, in his possession, and uttered the same as true, setting forth the note as in the first count.

*Andrew Hamilton*, for the appellant.

*E. J. Meegan*, for the respondent.

LEARNED, P. J.:

This is an appeal from a judgment, in favor of defendant, on a demurrer to the indictment. The indictment is for the making of a certain instrument in writing, a promisory note, set forth therein with the indorsement thereon. The instrument is accurately, or purports to be, an inland bill of exchange on the Farmers' Bank of Hudson, at one year, for $750 and interest at seven per cent, to order of J. D. Wheeler, purporting to be signed by Norman Coons and to be indorsed by Chester A. Miller.

The first point taken by the defendant is that, as the instrument purports to bear interest at seven per cent (being dated in 1885), it is usurious and void, and therefore cannot form the basis of a criminal charge. A note is not necessarily usurious because on its face it bears interest at seven per cent. This bill is substantially a promise to pay $802.50 in a year's time (disregarding days of grace). Such a bill is not necessarily usurious. To make it usurious it must have been given for a loan of money, and must be a promise to pay more than the legal rate for that money. In consideration of $775 received one may promise to pay $750 at seven per cent in one year, and the promise will not be usurious. So in case of a *bona fide* sale, which is not the cover of a loan.

In the very able brief of defendant's counsel numerous cases are cited holding that the forgery of an instrument which, if genuine, would be void, is not a crime. For instance, *Cunningham* v. *People*(4 Hun, 455). But the note or bill set forth in this indictment, if genuine, would not be void. Whether void or not, would depend upon its consideration, as above explained. Its invalidity

depends on some collateral fact. (*People* v. *Galloway*, 17 Wend., 543.) Whether the note, if genuine, would be *prima facie* usurious is not the question here; although we are inclined to think that usury is a positive defense, to be established by proof. It is enough that this note, if genuine, would not necessarily be void.

The next point relied upon by the defendant is that the name of Chester A. Miller, alleged to be forged, is not that of the payee, and that the bill is not alleged to have been indorsed by the payee. The allegation of the indictment is that the defendant forged the whole instrument with the indorsement by which a pecuniary demand purported to have been affected against Chester A. Miller. The instrument was in form a bill of exchange drawn by Coons on the bank to the order of Wheeler and indorsed by Miller. If genuine then on non-payment thereof and notice, Coons would be liable, like the indorser of a note. Miller, too, would be liable as an indorser after Coons, and would be so liable to Wheeler. Wheeler then might, by transfer of this bill, had it been genuine, have made Miller liable to the transferee of Wheeler.

The judgment should be reversed and cause remitted to Sessions, with leave to withdraw demurrer and plead.

LANDON and INGALLS, JJ., concurred.

Judgment reversed, case remitted to Sessions with leave to defendant to withdraw demurrer and plead to the indictment.