Ames and another *vs.* Webbers, sheriff of Westchester.

In an action of *debt* against a sheriff *for an escape* of a prisoner arrested upon an attachment for the non-payment of costs, an averment in the declaration that the sheriff *arrested* the party and *had and detained him in custody in execution*, &c. is equivalent to an averment that he was *committed to jail.*

A *sheriff* in such case cannot plead in his discharge that the prisoner was arrested and committed on a *previous attachment* for the *same cause,* and discharged from the custody with the assent of the plaintiff; none but the party himself can complain of the *second arrest.*

DEMURRER to plea. This is to an action of debt for the escape of one *E. M. Blunt,* arrested on an *attachment* from chancery for the non-payment of a bill of costs. The declaration set forth the suing out of the attachment and the delivery of it to the sheriff on the *first* day of February, 1830, the arrest of the defendant on the *fifth* day of February, and that the sher-

ALBANY,
Jan 1832.

Ames
v.
Webbers.

iff then and there, by virtue of the said writ, *had and detained him in his custody in execution* for the sum of money mentioned in the endorsement on the writ, until the *tenth* day of February, when he suffered and permitted him to escape and go at large, and that Blunt did escape, &c. The endorsement on the attachment was a direction to the sheriff to discharge Blunt on payment of $73,72 and fees, being costs allowed by the court to the plaintiffs. The defendant *pleaded* that on the 16th May, 1829, the plaintiff sued out an *attachment* against Blunt *for the same cause*, with an endorsement thereon similar to that on the attachment mentioned in the declaration, returnable on the 5th day of June thereafter, which was delivered to him, the defendant, on the 20th May, 1829, and that by virtue thereof, he, on the 30th May, 1829, took and arrested Blunt, and had and detained him in custody in execution for the sum of money in the endorsement mentioned, and while he had him in custody, to wit, on 'the same day and year, the plaintiffs, by their solicitor, *countermanded* the said writ of attachment, whereupon he, the defendant, discharged Blunt out of custody, and made return to the court of chancery, that by virtue of the said writ he had arrested Blunt, and afterwards discharged him from the arrest by virtue of an order from the complainants' solicitor, countermanding the writ. To this plea the plaintiffs *demurred.*

*J. L. Wendell,* for plaintiffs.

*C. P. Kirkland,* for defendant.

*By the Court,* NELSON, J. It is objected that the action of *debt* will not lie against the sheriff in this case, on the ground that the declaration does not shew that the defendant, against whom the attachment issued, was *committed to any jail,* 2 R. S. 437, § 63, when the escape was permitted. In the declaration it is stated that the defendant arrested Blunt, and had and detained him in his custody until he permitted him to escape and go at large. This is a sufficient averment within the meaning of the statute, for in judgment of law the prisoner is committed to jail when in the custody of the sheriff.

The *plea* affords the defendant no protection.  It has been repeatedly determined that unless the process is void upon which the sheriff has arrested the prisoner, he is bound to detain him in custody, and is responsible in an action for an escape, if he permits him to go at large.  The distinction is between void and voidable process ; the latter is a justification to the officer to detain the prisoner until it is set aside by the party.  One strong reason why the sheriff shall not take advantage of the error in issuing the process is, for aught that appears, the party does not wish to avail himself of it.  1 Cro. Eliz. 165.  2 Saund. 101, y, (n. 2.)  1 Cowen, 309.  The following cases shew not only the above distinction, but that the process, according to the plea, is only *voidable*.  *Sears* v. *Wilkins*, 1 Ves. sen. 195, *Jackson, ex dem. Saunders*, v. *Cadwell*, 1 Cowen, 644.  *Ontario Bank* v. *Hallett*, 8 id. 192.

Judgment for the plaintiffs upon demurrer, with leave to the defendant to amend on payment of costs.