Bosworth, Ch. J.
The complaint states the recovery of a judgment by the plaintiffs against one Gottschalk Brown, and facts showing a right to an execution thereon against the body of Brown, the issuing of such an execution to the defendant, as Sheriff of the county of New York, the arrest by him of Brown on such execution, and an escape of Brown from the custody of the defendant after such arrest was made.
The defendant pleads as a separate defense, the insolvency of Brown in mitigation of damages. To this part of the answer the plaintiffs demur, on the ground that it does not state facts constituting a defense, either total or partial.
The point of the defendant’s argument is, that as the Code has abolished all the forms of action existing at the time it took effect; that it has abolished the action of debt given by 2 Revised Statutes, (437, § 63,) and compelled the plaintiffs to resort to an action on the case, and therefore has restricted their right to recover, to the damages actually suffered; and that in an action on the case, it was always competent for the Sheriff to prove the insolvency of the debtor who had so escaped.
This Court, in Renick v. Orser, (4 Bosw., 384,) held that section 140 of the Code, by abolishing “ all the forms of pleading ” theretofore existing, had not affected the measure of a Sheriff’s liability, for the escape of a person committed on a ca. sa., as. declared by 2 Revised Statutes. (437, § 66. [Sec. 63.] )
• I see nothing in the system of practice established by the Code, or in the provisions of the Code, favoring the idea that it was designed to modify or abrogate rights as established by preexisting law. The design was to simplify the forms of procedure, and that only, when not otherwise declared by the Code itself.
Section 468 [388] of the Code declares “ that all rights of action given or secured by existing laws, may be prosecuted in the manner prescribed by this act.” Section 471 [390] declares that the second part of the Code shall not affect “.any existing statutory provisions relating to actions, not inconsistent with this act, and in substance applicable to the actions hereby provided.”
Section 291 [246] declares that “ the existing provisions of law, not in conflict with this chapter, (ch. 1, of title IX.,) relating to executions and their incidents, * * the powers and rights of officers, their duties thereon, and the proceedings to *645 enforce those duties, and the liabilities of' their sureties, shall apply to the executions prescribed by this chapter.”
The complaint alleges the recovery. of a judgment against Brown for $4,876.09, and after stating facts showing the Sheriff’s liability for the escape of Brown, proceeds thus: “.Wherefore the plaintiffs aver that said defendant, as such Sheriff, became indebted to the said plaintiffs in the said sum of $4,876.09, for the recovery of which this action is brought,” and demands judgment for that sum.
This is a clear indication that the plaintiffs sue under 2 Revised Statutes, (437, § 66, [63,] ) to recover the precise sum which that section declares a plaintiff (in such a case as it describes) is entitled to recover as a matter of course and of right.
In Hutchinson v. Brand, (5 Seld., 208, 210, 211,) the Court said: “ The permitting of the defendant to go at large after his arrest upon the process, and before his actual commitment within the four walls of the prison, was an escape, entitling the plaintiff to recover his whole debt against the Sheriff. (2 R. S., 437, § 63; 8 Wend., 545.)”
While it does not appear that the question of the debtor’s insolvency was attempted to be proved in that case, as a ground for mitigating damages, it is nevertheless quite evident, from the language - of the Court, that it did not imagine that the new system of pleadings affected the measure of the Sheriff’s liability, for the escape from his custody of a debtor arrested on a ca. sa.
Renick v. Orser, (supra,) requires me to sustain the demurrer, and I think the views above suggested furnish some additional reasons supporting the decision made in that case.
Judgment is ordered in favor of the plaintiffs on their demurrer.