## SUPREME COURT.

GEORGE BARNES and others agt. JAMES C. WILLETT, sheriff, &c.

Does the abolition, by the Code, of the *forms* of actions as heretofore used, necessarily in all cases abolish the *names* of such actions?

For instance, in an action against a sheriff for an *escape*, which formerly might have been an action of *debt*, under the statute, or of *case*, at common law, where the plaintiff alleges the requisite facts charging the prisoner in execution, his arrest, detention and subsequent escape from the sheriff, and rests his right to recover the *precise amount of the judgment*, with the costs of the action, upon the statute, and claims only such amount, is it a violation of the statute to call such an action an action of *debt*?

If not, the statute in such action fixes the extent of the sheriff's liability at the amount of the debt, &c., for which the prisoner was committed; and the sheriff can not, as a defence, or in mitigation of damages, give evidence of the insolvency or poverty of the prisoner, or of any other circumstance to show that the plaintiff had lost nothing by the escape. If the action was *case*, the plaintiff might recover *damages*, more or less than the judgment, and the sheriff might in his defence, or in mitigation of damages, give such evidence.

*New York Special Term, September,* 1860.

DEMURRERS to answer.

A. MATHEWS, *for plaintiffs.*

A. J. VANDERPOEL, *for defendants.*

SUTHERLAND, Justice. The statute (2 R. S., 437, § 63) gave an action of *debt* against the sheriff for an escape from final process, and declares that in such action the sheriff shall be answerable for the debt, damages, or sum of money for which the prisoner was committed.

The statute did not take away the common law remedy for the escape by action on the case.

Before the Code, if the action for the escape was *debt*, the plaintiff was limited in his recovery by the express words of the statute, to the amount of the original judgment.

The statute fixed the extent of the sheriff's liability at the amount of the debt, &c., for which the prisoner was committed. If the action was debt, the sheriff could not as a defence, or in mitigation of damages, give evidence of the insolvency or poverty of the prisoner, or of any other circumstance to show that the plaintiff had lost nothing by the escape.

If the action was an action on the case, the plaintiff recovered the damages sustained by him, which might be more or less than the judgment, and *in such action* the sheriff might give in evidence circumstances to show that the plaintiff had lost nothing, or in mitigation of damages. (*Ransom* agt. *Dole*, 2 *John.*, 454; *Thomas* agt. *Weed*, 14 *id.*, 255; *Littlefield* agt. *Brown*, 1 *Wend.*, 401.)

The Code (§ 69) has abolished the *form* of the action of debt, but it has not abolished or repealed the provision of the statute before referred to, giving to the party at whose suit the prisoner was committed a right to recover for his escape from final process, irrespective of the question of the actual loss or damage, the amount of the original judgment or recovery, precisely, as a penalty for the carelessness or misconduct of the sheriff. (*Code*, §§ 468, 471; *Hutchinson* agt. *Brand*, 5 *Seld.*, 209.)

The Code has not abolished, and could not very well have abolished, the distinction between *mesne* and *final* process. These terms have been dropped by the Code, but the distinction in fact remains.

In this case the plaintiffs, by their complaint, after alleging the recovery of their judgment for $6,089.61, the amount of their debt and costs, facts to show their right to issue an execution thereon against the person of Jacob Cohen, one of the judgment debtors, the issuing of such execution, his arrest, detention and subsequent escape, allege that thereupon the judgment remaining wholly unpaid, the defendant in this action, sheriff, &c., became indebted to them in the said sum of $6,089.61, the amount

of said judgment, and claim to recover *that sum*, with costs.

Although the Code does not call this an action of debt, and perhaps we are not permitted to call it by that name, yet it is plain that the plaintiffs rest their right to recover the precise amount of their judgment, with the costs of this action, upon the statute; and that we should look upon the action as an action under the statute for their debt, the judgment, and not as an action at common law to recover damages.

The abolition by the Code of the form of the action of debt, has certainly not taken away the plaintiffs' right to recover for the escape, under the statute; and if they have this right, how can they state their cause of action under the Code, otherwise than by stating the facts which show their right to recover under the statute, and by claiming to recover precisely what the statute authorizes them to recover?

I think it plain that this action should be looked upon as an action of debt under the statute, and that the defendant, notwithstanding the abolition of the forms of action by the Code, had not a right to set up as a defence thereto the matters set up in the 8th, 9th, and part of the 10th folios of his answer as a second defence.

It is plain, too, I think, that the matters set up by the defendant in his answer, as a third defence, constitute no defence.

How can the sheriff in an action for an escape, protect himself from the consequences of his own wrongful act or neglect, by setting up the wrongs which the escaped prisoner may have suffered at the hands of his judgment creditor? (*Ames* agt. *Webbers*, 8 *Wend.*, 545; *Bacon* agt. *Cropsey*, 3 *Seld.*, 195.) Even Cohen, the defendant in the original suit, could not have availed himself of the fact that another action was pending in Georgia for the same cause of action, by pleading it in bar. (*Walsh* agt. *Dur-*

*kin*, 12 *John.*, 99; *Brown* agt. *Joy*, 9 *id.*, 221.) Moreover, it would appear that Cohen was surrendered by his bail in Georgia, after his escape from the defendant, and after this action was commenced.

The plaintiffs' demurrers to the matters stated in the answer, by way of a second and third defence, must be sustained, and those parts of the answer must be overruled, with costs.