EDWARD A. FORSYTH, APPELLANT, v. CHARLES S. CAMPBELL, RESPONDENT.

*Judgment — mere irregularity is no defense to a sheriff sued for neglect to return an execution — Order directing it — not sufficient proof of a judgment.*

In an action against a sheriff for neglecting to collect and return an execution, plaintiff must show a valid judgment upon which the execution was issued.

A sheriff cannot, however, in such an action take advantage of a mere irregularity in a judgment, rendering it voidable but not void.

To prove the existence of a judgment upon which the execution was issued, plaintiff produced a certified copy of an order for judgment, made by the County Court, directing the reversal of a judgment of a justice of the peace, and directing judgment for the defendant (the present plaintiff) for his costs, $27.26, the amount of the alleged judgment. *Held*, that this was not sufficient to prove the existence of a valid judgment.

The practice of borrowing and carrying away from the clerk's office original records and other papers on file disapproved of.

APPEAL from a judgment of the County Court of Monroe county, reversing a judgment of a Justices' Court in favor of the plaintiff.

*I. D. Decker*, for the appellant.

*G. H. Humphrey*, for the respondent.

TALCOTT, P. J.:

This is an appeal from the judgment of the County Court of Monroe, reversing a justice's judgment.

The defendant was sheriff of the county of Monroe. The action was brought against him in a Justices' Court for neglecting to collect and return an execution in favor of the plaintiff. The execution was issued October 31, 1874, and the action was commenced January 24, 1876. The justice rendered a judgment in favor of the plaintiff for $29.76 damages, besides costs, which was reversed by the County Court, on the ground, as stated in the opinion of the county judge, that there was no sufficient proof of a judgment authorizing the issuing of the execution. The appellant's counsel takes the position that it was not necessary for the plaintiff, on the trial of this action, to show a judgment; that it was enough for him to prove an execution valid on its face. The position is not tenable. Although process, valid on its face, is a protection to the officer, if he executed it, yet he is not obliged to act under it, if it is in fact void. (*Earl* v. *Camp*, 16 Wend., 562 ; *Cornell* v. *Barnes*, 7 Hill, 35.)

It follows that in an action against a sheriff for neglecting his duty under an execution, the plaintiff must show a valid judgment upon which the execution issued. So held in an action for a false return to a *ft. fa.* (*McDonald* v. *Bunn, Sheriff*, etc., 3 Denio, 45.)

It is not necessary, however, to show a judgment regular in all respects. The sheriff cannot take advantage of a mere irregularity in the judgment, rendering it voidable, but not void. (*Ames* v. *Webbers*, 8 Wend., 545; *Parmelee* v. *Hitchcock*, 12 id., 96 ; *Carpenter* v. *Willett*, 28 How., 225; *S. C.*, 31 N. Y., 90.)

The judgment, on which the execution in this case was issued, as alleged in the plaintiff's complaint, was a judgment rendered by the County Court of Monroe, in favor of the plaintiff herein, against Levi Cooley and Levi Cooley, Jr., for $27.26.

On the trial before the justice, the plaintiff put in evidence, a certificate under the hand and seal of the clerk of the county of Monroe, annexed to a paper which was in the usual form of an order for judgment. In respect to the title of the court, the

names of the parties, and the amount of the judgment, it corresponded with the allegations in the complaint.

It recited the fact that an appeal had been brought on for argument and argued before the court, and it adjudged and ordered that the judgment in the Justice's Court, from which the appeal was taken, be reversed, and that the appellant (the plaintiff herein) recover $27.26 for his costs and disbursements, and that he have judgment against the defendants (the Cooleys) for that sum.

It was signed by the deputy clerk. The certificate signed by the clerk was to the effect that he had compared the annexed copy of a judgment, with the original entered in his office, and that it was a transcript therefrom, and of the whole of said original.

The paper was not a judgment-roll or a judgment, but was merely a certified copy of an order for a judgment (*Townshend* v. *Wesson*, 4 Duer, 342.) It is contended, however, by the appellant's counsel, that the paper was evidence that the order for judgment had been entered in the clerk's office, and consequently that the plaintiff was entitled to have a judgment entered and docketed, in due form, according to its terms. And that thereupon it became the duty of the clerk to make up and file the judgment-roll, and enter and docket the judgment. From these premises, it is argued that it is to be presumed that the clerk performed his duty, in the absence of proof to the contrary; and that if he omitted to do so, it was a mere irregularity which the court would not permit to prejudice the party, and which it would order to be amended, and consequently that, as between the plaintiff in the execution and the sheriff, the evidence was sufficient to warrant the presumption that a judgment was entered and docketed according to the order of the court.

The question is to be disposed of according to the provisions of the old Code, which was in force when the execution was issued. The answer to the position is that, if it be assumed that it was the duty of the clerk to enter the judgment in the judgment-book, upon the order of the court being entered (Code of Procedure, § 280), he was not under an absolute duty to make up and file a judgment-roll, unless the papers needed to constitute the roll were then on file in his office (§ 281), of which fact there is no evidence whatever.

It is to be observed that section 282 of the Code gives some countenance to the idea that the filing of the roll and the docketing of the judgment are only necessary to create a lien on real estate, and that an execution against personal property may be issued on the judgment being entered in the judgment-book. But section 289 shows very clearly that such is not the case. The execution must state *inter alia* the county where the judgment-roll is filed; and, if it be against property, it must require the officer to satisfy the judgment out of the personal property of the debtor; and, if sufficient personal property cannot be found, out of the real property belonging to him on the day when the judgment was docketed. For these reasons, we concur in the opinion of the county judge that there was not sufficient proof of a judgment.

The appellant's counsel has undertaken to supply this defect in his proof by producing, upon the argument before us, what purports to be a certified copy of the judgment-roll in the case in which the execution was issued. Similar evidence has frequently been received by the court *in banc* in opposition to a motion for a new trial.

It is not admissible in an appellate court to reverse the judgment of an inferior court, for the reason that it shows no error committed in the court below. (*Stilwell* v. *Carpenter*, 62 N. Y., 639; *Porter* v. *Waring*, 69 id., 250.)

Our attention has been called to the fact that a paper, purporting to be the original judgment-roll, filed in the clerk's office, was offered in evidence by the plaintiff, on the trial before the justice, and was excluded on being objected to by the defendant.

We do not see how that fact aids the plaintiff, even if we assume that the testimony was erroneously excluded by the justice. The appellant had the opportunity to offer the record on the argument of the appeal in the County Court (if it was admissible on appeal), and his omission to do so is not excused. But it is not clear that the paper was admissible in evidence before the justice. If it was what it purported to be, it should have been in the possession of the county clerk. But it was produced before the justice by the plaintiff's attorney, as a witness who claimed for it that it was an original record, filed in the county clerk's office. It did not appear that the witness had been deputed or authorized to produce it

before the justice. The paper offered was not authenticated by the seal or signature of the clerk, nor did the witness explain how it came into his possession.

On these grounds, it was objected to and excluded. The merits of this particular ruling of the justice are not before us, as the plaintiff did not appeal from his decision; but, in so far as it tends to check the somewhat prevalent and very mischievous practice of borrowing and carrying away from the clerk's office original records and other papers on file, it deserves commendation.

We think the judgment of the County Court should be affirmed.

Present — TALCOTT, P. J., and HARDIN J.; SMITH, J., not sitting.

Judgment of the County Court of Monroe county affirmed.